# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

1:20-cv-02516-RBJ-KMT

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2020

JEFFREY P. COLWELL
CLERK

Khalfan Khamis Mohamed
Plaintiff

V. Jones, et al
Defendants.

## Plaintiff's Rule 36, Request for Admissions

Pursuant to Rule 36, Fed.R.Civ.P. and DC. Colo.L Civ.5.3(b), plaintiff submits the following requests for admission. The defendants must provide the response to these admissions to plaintiff within 30-days of this document service.

1- All documents, Electronic Stored information (ESI) or other records produced in plaintiff's accompanying Rule 34, and Rule 33 requests, are authentic pursuant to FRE 901, or FRE 902, or otherwise are uncontested in terms of authenticity.

2- On 8.16.2018 through 8.23.2018 plaintiff was housed in cell #108 A-Range Lower, while on 8.24.2018 through 10.7.2018 was housed in cell #406-B-Range, upper in the same unit.

3- On 8.19.2018 plaintiff's cell, #108 was shaken down and during that shake down while most of his publications (books) were confiscated, his none-publication materials such as clothes, food items, legal materials, religious materials, journals, personal family letters, photographs, manuscripts, personal notes ...etc, were not confiscated.

4- Defendants; Brush, Miller, Nuñton, Armiño, Espanoza, Osagi and Jones were, respectively, in their official duties as the BOP's employees in C-unit lower on 8.23.2018.

(1)

5- Defendants Brush and Miller, along with Officer Baca, (not named here as a defendant) removed plaintiff from his cell, #108, escorted him to the law library within the range A-lower; before removing him from it and then escorted him towards the entrance of the range in the hall-way, immediately before the "use of force" and alleged assault took place on 8·23·2018.

6- Force was used against the plaintiff on 8·23·2018.

7- All defendants in this lawsuit were, respectively, in their official duties, employed by the BOP/DOJ, on all specific dates alleged in the plaintiff's complaint.

8- Plaintiff was wearing shower slippers when was being put in the law library and escorted out from it on 8·23·2018.

9- Plaintiff was restrained with mechanical restraints (hand cuffs) when being escorted to and ~~moved~~ from the law library on 8·23·2018.

10- After plaintiff was put on the ground near to his cell #108, the officers secured his legs with leg cuffs (shackles) the move that made plaintiff restrained with hand and leg cuffs from that movement to the moment that the force-team arrived with the hand-held camera along with medical staff (Jones) in the observation cell.

11- From the time plaintiff was moved from the law library to the time the force-team with hand-held camera was brought on at the observation cell in 8·23·2020, at no time plaintiff was unrestrained by mechanic restraints.

12- while plaintiff was in the law library at the range-A, before the "use of force" and alleged assault against plaintiff took ~~plaint~~ place, officer Brush went to plaintiff's cell #108 and collected plaintiff's materials, and a items... that were not confiscated during the 19·8·2018 shake down.

(2)

13- Plaintiff never complained or reported to the medical staff of any medical issue or problems concerning his right ankle, left ankle, wrists, jaws, bleeding through his nose... , prior to 8·23·2018.

14- The "calculated use of force" or "use of force techini que" were not use on plaintiff on 8·23·2018, as described in the BOP's policy number 5566-6, Parts 5 (b), (c).

15- Defendant Jones conducted in, or participated in medical assessments on plaintiff on 8·23·2018, 8·27·2018, 9·3·2018, 9·5·2018, 9·10·2018, 9·24·2018, and 9·28·2018.

16- Defendant Huddleston conducted medical assessments on plaintiff on 8·26·2028, and 8·27·2018. (this last, was with Jones).

17- Jones and Huddleston never referred plaintiff to the doctor or physician assistant concerning plaintiff's injuries he received on 8·23·2018, including but not limitted to ankle injury, wrists, jaws, bleedings...etc.

18- Defendants Osagi, Jones and Huddleston, never prescribed plaintiff any pain medication related to the injuries he received on 8·23·2018 at any given time; before and after the broken ankle-diagnoses on 9·5·2018 or any time after.

19- The only pain medication given to plaintiff before he was priscibed Sulindac 200mg·tab on 1·23·2019, by Dr·Oga, was 12-tablets of ibuprofen given to plaintiff by another medical staff.(not any of the above 3- diffendants).

20- Plaintiff was diagnosed with acute fracture on 9·5·2018.

21- On 9·5·2018 plaintiff was put on wheel chair, and ~~splinter~~ splint, the splint was replaced by hard cast that remained with ~~in~~ plaintiff along with wheel chair until 11·16·2018.

(3)

22. Osagie forced fed plaintiff on 8.29.2018 and 8.31.2018, and after either force feeding, Osagie asked plaintiff to walk within medical unit even after plaintiff told him (ie Osagie) that he was in pain and even though plaintiff was clearly limping and appeared to be on pain.

23. The handy-held cameras shows that plaintiff was clearly limping and his facial-expression appeared to show that he was in pain at those times when Osagie asked plaintiff to to walk after the force-feedings.

24. Between the time plaintiff arrived at the ADX to and the time of the alleged assault, 8.23.2018, plaintiff was never charged by the ADX-staff of any violent act against any staff or prisoner that he committed at the ADX.

25. Before October 2018, plaintiff never complained of any personal material/property loss such as books, manuscripts, journals, personal notes...etc, apart from a thermal loss more than 10-years ago.

26. The BOP and ADX's policies does not authorized nor require the removal of prisoner's items and materials during a hunger strike that aren't food/drinks, unless a medical officer direct such removal.

27. In 8.23.2018 no medical authorization was given for the removal of plaintiff: non food-drinking stuff from his cell, # 108 at C-unit.

28. Before the "use of force" on plaintiff in 8.23.2018, the ADX's staff, including those on duty in C-unit, knew that plaintiff wa in hunger strike.

29. On 8.31.2018 I complained to Osagie about my ankle, asked for x-ray on camera, and after Osagie force fed me and asked me to walk, I was then tied on

tied on the black chair for approxematelly 2-hours, then escoted walking to an x-ray room and finally asked to walk the distance of 100's of mitters from medical unit to my cell #406, c-upper.

30- plaintiff had not been untruthfull (had not lied)in above requests of admissions.


Dated: December 10, 2020


U.S.P, max, PoBox 8500          Khalfan Kh'Mohamed
Florence, CO 81226-8500         Reg #44623-054
                                Dec. 10, 2020

                                Signature: Mohammed