IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02516-RBJ-KMT

KHALFAN KHAMIS MOHAMED,

    Plaintiff,
v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
MURTON and
ARMIHO,

    Defendants.

---

## ORDER

---

Plaintiff Khalfan Khamis Mohamed, an inmate at the United States Penitentiary Florence ADMAX (ADX Florence), filed his original complaint in this case on August 20, 2020. ECF No. 1. In a second amended complaint, he alleges that Bureau of Prisons (BOP) officials beat him, confiscated his property, and denied him timely medical attention for the injuries sustained in the beating. *See* ECF No. 64. He asserted ten claims against eight BOP officials in both their individual and official capacities: (1) Eighth Amendment excessive force claims against defendants Brush, Miller, Espinoza (Claims 1, 3, and 5); (2) Eighth Amendment failure-to-intervene claims against defendants Armijo, Murton, and Osagie (Claims 2, 4, and 6); (3) Eighth Amendment deliberate indifference claims against defendants Jones, Huddleston, and Osagie (Claims 8, 9, and 10); and (4) a First Amendment claim against defendant Brush. *See id.* All

1

claims against the BOP officers were raised pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In addition, Mr. Mohamed asserted five claims against the United States under the Federal Tort Claims Act (FTCA): (1) three claims of battery (Claims 11, 12, and 13); (2) negligent supervision (Claim 14); and (3) negligent performance (Claim 15).

The case was eventually assigned to this Court. The Court referred the pending motions to dismiss to Magistrate Judge Kathleen M. Tafoya for a recommendation. Upon her retirement, the case was reassigned to Magistrate Judge Nina Y. Wang as the referral judge. *See* ECF Nos. 12, 13, 102. In the first motion to dismiss defendants seek dismissal of all claims against the individual plaintiffs (claims 1–10) and the claim of negligent performance (claim 14). They argued that (1) Plaintiff's excessive-force, failure-to-intervene, and First Amendment claims lack a *Bivens* remedy; (2) certain individual defendants are entitled to qualified immunity; (3) all of Plaintiff's official-capacity claims fail to state a claim; and (4) the FTCA claim for negligent supervision fails to state a claim and fails because plaintiff did not exhaust his administrative remedies. ECF No. 71 at p. 1. In their second motion to dismiss, defendants sought to dismiss claim 15 for failure to file a certificate of review as required by Colorado law. ECF No. 81 at p. 1. Plaintiff responded, ECF Nos. 83, 88, and then defendants replied, ECF Nos. 89, 90.

On February 22, 2022, Magistrate Judge Wang issued a 79-page recommendation on the motions to dismiss. ECF No. 103. She recommended that this Court deny the first motion with respect to the Eighth Amendment claims. *Id.* at 78. However, she recommended that the Court grant the first motion with respect to the First Amendment claim (claim seven) and the FTCA claim (claim fourteen), and she recommended this Court grant the second motion (fifteenth claim) in its entirety. *Id.* Defendants filed a timely objection to the portions of Magistrate Judge

2

Wang's recommendation that recommended denying their motion to dismiss. ECF No. 116. Plaintiff responded and asked this Court to adopt the recommendation in its entirety. ECF No. 118.

## I. STANDARD OF REVIEW

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II. CONCLUSIONS

Because defendants have filed timely objections to the magistrate judge's recommendation on the Eighth Amendment claims, the Court has conducted a de novo review of those claims.[1] It has done so by reviewing the motion to dismiss, the response, the

---

[1] The parties agree with the magistrate judge's recommendations to dismiss plaintiff's seventh, fourteenth, and fifteenth claims. Plaintiff's seventh claim seeks a *Bivens* remedy for BOP officials allegedly taking and destroying "(1) [plaintiff's] daily journals or diaries, comprising 12 notebooks with entries from 2001 through August 2018; (2) three manuscripts written by plaintiff, which included (a) a 900-page unfinished manuscript about peace and tolerance between the religions of Islam, Christianity, and Judaism; (b) a 500-page manuscript of the Qur'an translated by Plaintiff into Swahili, Plaintiff's native language; and (c) a 450-page manuscript about slavery throughout history; [and] (3) Plaintiff's notes about 'important books that [he had] read previously;'" ECF No. 103 at p. 6 (citing ECF No. 64 at ¶¶ 88–94). I do not downplay the mental and emotional impact of the sudden and irrecoverable loss of one's life work. In my opinion, needlessly and unjustifiably destroying 20 years of work would be, in the colloquial sense, cruel. But I agree with and adopt the magistrate judge's recommendation dismissing this claim for lack of a *Bivens* remedy. I also agree with and adopt the magistrate judge's recommendation about claims fourteen and fifteen.

3

recommendation, both parties' objections, and miscellaneous other documents in the electronic file.

### A. *Bivens* and Excessive Force

Denying defendants' motion to dismiss the Eighth Amendment excessive force claims, as Magistrate Judge Wang recommended, would imply a *Bivens* remedy in a context where no Supreme Court nor Tenth Circuit case is directly on point. As the magistrate judge correctly noted, extending *Bivens* is a "disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856–57 (2017); *see also* ECF No. 13 at p. 17 (citing *Abbasi*). But extending *Bivens* is not prohibited; the Supreme Court has articulated two questions a court must ask to determine whether extending *Bivens* is proper. First, a court must determine whether the claim arises in a new context, which broadly encompasses any claims "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotations omitted). If so, a court must then determine whether "there are special factors counselling hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857 (internal quotations omitted). In resolving these two questions, a court must be mindful of whether an alternative remedy exists that could protect the constitutional interests at stake such that implying a damages remedy under *Bivens* may interfere with the powers of Congress. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 860–61 (10th Cir. 2016).

The magistrate judge recommended extending *Bivens* to the current case. Her two-step analysis was thoughtful and thorough. At step one, she found "no meaningful difference between the deliberate indifference claim raised in *Carlson* [*v. Green*, 446 U.S. 14 (1980), which provided a *Bivens* remedy for failure to provide adequate medical treatment under the Eighth Amendment,] and Mr. Mohamed's excessive force claims." ECF No. 103 at p. 30. She

4

therefore concluded that plaintiff's claim does not present a new context for *Bivens*. At step two, the magistrate judge found no special factors counseling against extending a *Bivens* remedy. The Tenth Circuit has directed that, to be considered an "alternative remedy" for the *Bivens* analysis, a potential remedy must provide "more than nothing." *Big Cats*, 843 F.3d at 863. Guided by this Tenth Circuit direction, the magistrate judge found that neither the BOP's administrative grievance program nor equitable remedies provide "alternative remedies" because neither would redress plaintiff's past injuries. ECF No. 103 at pp. 31–33. The magistrate judge also found the FTCA was not an alternative remedy because it is "crystal clear that Congress intended the FTCA and Bivens to serve as parallel and complementary sources of liability." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Finally, the magistrate judge was unconvinced that providing a remedy for constitutionally excessive uses of force would interfere with BOP operations. ECF No. 103 at pp. 33–35. As plaintiff pointed out in his reply, defendants' cited cases in which a court refused to second-guess BOP decisions were markedly different than plaintiff's situation. *See* ECF No. 118 at p. 3 (explaining that in one of defendants' cited cases, *Whitley v. Albers*, 475 U.S. 312 (1986), the court declined to question the BOP's forceful response to a deadly and dangerous riot/hostage situation).

In their objection, defendants imply that Magistrate Judge Wang improperly extended *Bivens* based on Tenth Circuit rather than Supreme Court precedent. *See* ECF No. 116 at pp. 4–6. I disagree. Magistrate Judge Wang applied the same test defendants articulate: "whether plaintiff's claims are different from *Bivens*, *Carlson*, and *Davis* [*v. Passman*, 442 U.S. 228 (1979)]." ECF No. 116 at p. 5. The magistrate judge concluded that plaintiff's claims do not meaningfully differ from those three cases. ECF No. 103 at p. 30. I found her analysis persuasive.

5

Defendants' two arguments unaddressed by the magistrate judge do not persuade me to depart from her recommendation. First, defendants argue that Congress, in passing the Prison Litigation Reform Act of 1996, chose not to extend *Carlson*'s cause of action to other prisoner mistreatment, and that this decision weighs against extending *Bivens* to plaintiff's cause of action. I disagree. As stated above, *Carlson* encompasses Eighth Amendment excessive force claims. Congress's decision not to create a new cause of action was made with the understanding that such a cause of action already existed under *Bivens* and *Carlson*. Its decision not to "create" a cause of action that already existed is not properly understood as a rejection of that well-established cause of action.

Second, defendants attempt to distinguish *Carlson* by claiming that it extended *Bivens* based on *in*action of prison officials, while this case deals with action of BOP officials. ECF No. 116 at p. 6. The action/inaction distinction is unpersuasive. It would result in a situation where "[t]he very essence of civil liberty," *Carlson*, 442 U.S. at 242 (quotation omitted), permits suits against a BOP official who refused to treat a plaintiff's broken arm but forbids suits against a BOP official who maliciously and intentionally broke the plaintiff's arm. I reach the same conclusion drawn by Magistrate Judge Wang: there is no meaningful difference between plaintiff's Eighth Amendment Excessive Force claim and *Bivens* remedies already recognized by the Supreme Court.[2]

---

[2] This Court reached a similar conclusion in *Smith v. Trujillo*, No. 120-CV-00877-RBJ-NYW, 2021 WL 1608829 (D. Colo. Apr. 26, 2021) (unpublished). In adopting Magistrate Judge Wang's recommendation that a plaintiff's Eighth Amendment excessive force claim was not meaningfully different from other situations in which a *Bivens* remedy had been implied, I emphasized that "[t]he Eighth Amendment protects against the imposition of cruel and usual punishment on a prisoner. That the cruel and unusual punishment takes the form of an allegedly brutal assault by a correctional officer on an inmate rather than another form of punishment should make no difference in the inmate's right to seek redress." *Id.* at *2.

### B. *Bivens* **and Failure to Intervene**

Magistrate Judge Wang recommended declining to dismiss plaintiff's failure-to-intervene claims for lack of a *Bivens* remedy. She found that these claims do not present a new *Bivens* context, and that no special factors counsel against recognizing a *Bivens* claim. ECF No. 103 at pp. 35–40. Defendants object to the magistrate judge's reliance on *Farmer v. Brennan*, 511 U.S. 825 (1994). Defendants argue that Supreme Court in *Farmer* did not recognize a failure-to-intervene *Bivens* remedy, and that *Farmer* sheds no light on the similarity between plaintiff's claim and *Carlson*, which did recognize a *Bivens* remedy.

I find Magistrate Judge Wang's analysis compelling. She recognized *Farmer*'s ambiguity: although it did not explicitly recognize a new *Bivens* remedy, it did find that failure to protect a prisoner from other prisoners could violate the Eighth Amendment — and it did so in the context of a failure-to-protect *Bivens* action. *Farmer*, 511 U.S. at 830. It is thus unclear whether *Farmer* recognized a failure-to-protect *Bivens* claim. Magistrate Judge Wang resolved this ambiguity by asking how other courts had interpreted *Farmer* and concluded that other courts had read *Farmer* in conjunction with *Carlson* for the narrow proposition that failure-to-protect claims do not present a new *Bivens* context. She then cited numerous cases for the proposition that "[a] failure to intervene claim is essentially the same as a failure to protect claim," which is what plaintiff alleges here. ECF No. 103 at p. 38 (quoting, *inter alia*, *Meskauskas v. Cowan*, No. 18-cv-1446-DWD, 2021 WL 2075863, at *4 (S.D. Ill. May 24, 2021)).[3]

---

[3] Defendants submit that the same "special factors" counseling against extending *Bivens* in the excessive force context apply in the failure-to-intervene context. ECF No. 116 at p. 15. I reject this contention for the reasons stated above.

7

### C. Qualified Immunity: Deliberate Indifference

Defendants argue that defendants Jones, Huddleston, and Osagie are entitled to qualified immunity on plaintiff's deliberate indifference claims. ECF No. 71 at p. 12. "Qualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To avoid application of qualified immunity, a plaintiff must (1) allege facts that, if true, would establish that the defendant violated a constitutional right, and (2) show that the constitutional right was clearly established at the time it was violated. *See id.* at 232. Qualified immunity's clearly-established prong ensures that "every reasonable official" has received "fair warning" before being held liable. *Tolan v. Cotton*, 572 U.S. 650, 56 (2014).

Plaintiff claims that defendants Jones, Huddleston, and Osagie violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) ("A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment."). Constitutional liability based on deliberate indifference to medical needs requires a plaintiff satisfy both objective and subjective components of the deliberate-indifference test. The objective component is met if the constitutional deprivation was "sufficiently serious." *Mata*, 427 F.3d at 751 (citing *Farmer*, 511 U.S. at 834). A plaintiff can satisfy this part of the test by showing that the untreated medical need (1) actually resulted in substantial harm, (2) had been diagnosed as needing medical treatment, or (3) was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *see also Vigil v. Laurence*, 524 F. Supp. 3d 1120, 1128 (D. Colo. 2021). The subjective component is met if a

8

prison official "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209 (quoting Farmer, 511 U.S. at 837).

The magistrate judge found that the complaint alleged facts that would satisfy the deliberate-indifference test's objective component. Plaintiff's complaint alleges that he needed medical treatment for injuries to his ankle, wrist, jaw — injuries sustained during his alleged beatings — as well as for "excruciating pain" that prevented him from walking, sleeping, and even praying. ECF No. 64 at ¶¶ 137–42. When plaintiff saw defendants Jones, Huddleston, and Osagie, the complaint alleges, the defendants saw his injuries — including his ankle swollen to the size of an orange, *id.* at ¶ 149 — and listened to plaintiff's description of his pain and need for medical treatment. Based on these allegations, the magistrate judge concluded that plaintiff has alleged "sufficiently serious" deprivations based on an "obvious" need for medical treatment. ECF No. 103 at p. 49.

Defendants object that the magistrate judge dealt with three injuries together instead of separately assessing whether plaintiff's ankle, wrist, jaw, and pain were independently "serious." ECF No. 116 at pp. 18–19. I find the magistrate judge's approach proper. Plaintiff's pain, which defendants concede was sufficiently serious, connected all of his injuries. His pain was allegedly so excruciating that he could not sleep, walk, or pray. His ankle, wrist, and jaw injuries all contributed to this objectively serious pain. Because all injuries manifested in an objectively serious condition requiring medical attention, I find the objective component of the deliberate indifference test met for all plaintiff's injuries. *See id.* at p. 49 n.14 (declining to separately address the wrist and jaw injuries because defendants concede that plaintiff's pain was sufficiently serious).

The magistrate judge also found that the complaint alleged facts that would satisfy the deliberate-indifference test's subjective component. *Id.* at 51–54. Plaintiff's complaint alleges that all three defendants refused to treat his needs in an effort to pressure him to end, or in retaliation for, his hunger strike. ECF No. 64 at ¶¶ 133, 136, 141, 146. The magistrate judge found this justification a "non-medical factor" and further found, based on other district court opinions, that a treatment decision significantly influenced by non-medical factors satisfies the subjective prong of the deliberate indifference standard. ECF No. 103 at pp. 51–54. Defendants respond that declining to treat pain until the conclusion of a hunger strike could have been a legitimate medical decision. ECF No. 116 at p. 22. Maybe. But at this stage the Court views the allegations in the light most favorable to the plaintiff and affords his pro se papers a liberal construction. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). I agree with the magistrate judge that plaintiff's complaint satisfies both steps of the deliberate-indifference test.

Finally, I agree with the magistrate judge that the law was clearly established. *See* ECF No. 103 at 57–58 (quoting, *inter alia*, *Quintana v. Santa Fe Cty. Bd. of Comm'rs*, 973 F.3d 1022, 1033 (10th Cir. 2020)) ("[W]hen [an inmate] has obvious and serious medical needs, ignoring those needs necessarily violates the [inmate's] constitutional rights."); *Patterson v. Santini*, No. 11-cv-01899-RM-KLM, 2016 WL 11642452, at *5 (D. Colo. Nov. 28, 2016) (unpublished) ("[In 2012] it was clearly established that a prison official's decision to ignore a prisoner's repeated complaints of severe pain, or requests for medical treatment, meet this [unconstitutional] threshold."); *see also Al-Turki v. Robinson*, 762 F.3d 1188, 1190 (10th Cir. 2014) ("A medical professional may not ignore an inmate's complaints of severe pain and then escape liability because later-discovered facts about the actual cause and ultimate duration of the inmate's pain,

10

while serious enough to give rise to an Eighth Amendment claim, do not precisely correspond with the facts of previous Tenth Circuit cases.").

### D. Qualified Immunity: Failure to Intervene

The magistrate judge also recommended denying defendant Osagie qualified immunity on plaintiff's Eighth Amendment failure-to-intervene claim. Defendants object to this recommendation. ECF No. 116 at p. 16. They contend that no allegations support the inference that defendant Osagie observed or had reason to know of a constitutional violation, therefore defendant Osagie could not have personally participated in the alleged constitutional violation. *Id.* I disagree. Plaintiff alleges that Defendant Osagie "witnessed the beatings against [him] and chose not to stop them." ECF No. 64 at ¶ 76. He further alleges that the officers beating him intentionally obscured his view so that he could not see who was beating him, but that he heard defendant Osagie's distinctive voice and accent "very close" to his cell. *Id.* He called out to defendant Osagie, telling him that he was not resisting but was being beaten nonetheless. *Id.* at ¶ 77–78. These allegations support the inference that defendant Osagie either observed or knew of the constitutional violation. Defendants' argument that defendant Osagie did not violate clearly established law was based on their claim that defendant Osagie did not personally observe the beatings. I reject defendants' contention for the reasons articulated in the magistrate judge's recommendation. *See* ECF No. 103 at pp. 45–46.

### E. Official Capacity Claims

Defendants contend that, because plaintiff has not sufficiently stated Eighth Amendment claims against defendants Jones, Huddleston, and Osagie, the claims against those defendants in their official capacities must be dismissed. ECF Nos. 71 at p. 17, 116 at p. 24. The magistrate judge noted that, "[b]eyond this bare statement," defendants "offer[ed] no arguments" for

11

dismissing the official-capacity claims. ECF No. 103 at p. 59. Accordingly, she recommended denying defendants' motion to dismiss the official capacity claims.[4]

Even were I to flesh out defendants' bare-bones argument, I would not dismiss plaintiff's official capacity claims on a 12(b)(6) motion. While it is true that plaintiff cannot seek monetary damages in official-capacity claims, his complaint explicitly denies seeking such relief. ECF No. 64 at p. 3 n.3 ("I am only seeking compensatory relief on individual defendants on [sic] their individual capacities."). For his official capacity claims, plaintiff requests an injunction ordering defendants Jones, Huddleston, and Osagie (essentially meaning the Bureau of Prisons) to "arrange immediately for [plaintiff] to be examined by an expert in broken bones," and to follow the expert's medical recommendation, "including surgery." *Id.* at p. 30.

Defendants' strongest objection, had they made it, might have been that plaintiff mis-locates the Court's authority to issue the injunctions he seeks. Plaintiff claims to "use *Bivens*" for his injunctive-relief requests. ECF No. 64 at p. 3 n.3. But *Bivens* cannot provide such relief. *Bivens*, by definition, facilitates claims against officials only in their individual capacities, but injunctive relief requires an official-capacity suit. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.2001). This error is not fatal to plaintiff's complaint. The Tenth Circuit has explained that a court's power to enjoin BOP officials is a function of its equitable jurisdiction and Congress's recent waivers of sovereign immunity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232–33 (10th Cir. 2005). In doing so, the Tenth Circuit noted that "[s]ome courts have characterized constitutional claims to enjoin federal officials as *Bivens* claims." *Id.* at 1231. If

---

[4] The magistrate judge also responded to defendants' footnote in which they correctly claimed that plaintiff may not seek money damages for his official-capacity claims. *See* ECF No. 71 at p. 17 n.13. The magistrate judge liberally construed plaintiff's pro se complaint and found that he did not seek money damages for his official capacity claims. ECF No. 103 p. 59 at n.19.

federal judges had considered claims like plaintiff's to be *Bivens* claims, then plaintiff could be forgiven for doing the same.  Construing plaintiff's complaint "liberally" and holding it "to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.2007), I find that he has stated official-capacity claims for injunctive relief.

### III.   ORDER

1. For the foregoing reasons, after de novo review, the recommendation of the magistrate judge, ECF No. 103, is ACCEPTED AND ADOPTED.
2. Defendants' first partial motion to dismiss, ECF No. 71, is GRANTED IN PART AND DENIED IN PART.  It is granted as to plaintiff's seventh and fourteenth claims — those claims are DISMISSED without prejudice.
3. Defendants' second partial motion to dismiss, ECF No. 81, is GRANTED.  Plaintiff's fifteenth claim is DISMISSED.
4. Plaintiff's claims One, Two, Three, Four, Five, Six, Eight, Nine, Ten, Eleven, Twelve, and Thirteen REMAIN.

DATED this 18th day of May, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge