IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-NYW

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

---

**DEFENDANTS' MOTION TO EXTEND DEADLINE TO ANSWER AND VACATE STATUS CONFERENCE PENDING RESOLUTION OF MOTION FOR RECONSIDERATION**

---

Defendants respectfully move to extend their deadline to answer the Second Amended Complaint, ECF No. 64, and vacate the Status Conference currently set for July 28, 2022, until after the Court resolves Defendants' Motion for Reconsideration, ECF No. 128.

Because Plaintiff is a federal prisoner who is representing himself, undersigned counsel did not confer with him about this motion. *See* D.C.COLO.LCivR 7.1(b)(1) (setting forth an exception to duty to confer in "a motion filed in a case involving an unrepresented prisoner").

1

## BACKGROUND

On May 18, 2022, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss. *See* ECF No. 120. The Order included rulings that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims. *Id.* at 4-7. After the Order was issued, the magistrate judge set a Status Conference for July 28, 2022, for the purpose of discussing "the nature and status of the case, the timing for filing of any motions, and what discovery, if any, will be needed." ECF No. 121. Defendants requested, and were granted, an extension of time until June 22, 2022, to file their answer to the Second Amended Complaint. *See* ECF No. 125.

On June 8, 2022, the Supreme Court issued its decision in *Egbert v. Boule*, No. 21-147, 2022 WL 2056291 (2022), which clarified the analysis that courts must perform in deciding whether to imply a *Bivens* remedy. The *Egbert* decision also included several observations and holdings that impact the analysis the Court performed in finding that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims.

In light of *Egbert*, Defendants filed a Motion for Reconsideration on June 15, 2022, requesting that the Court reconsider its rulings that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims. ECF No. 128.

## ARGUMENT

Due to the pending Motion for Reconsideration, Defendants request that their deadline to answer the Second Amended Complaint be extended, and the Status Conference vacated, until after the Court resolves the Motion for Reconsideration. The question whether a *Bivens* remedy exists for a plaintiff's claims "is antecedent to the question of whether [a] defendant is entitled to

qualified immunity." *Medina v. Danaher*, 445 F.Supp.3d 1367, 1370 (D. Colo. 2020) (cleaned up). Qualified immunity gives "officials a right, not merely to avoid standing trial, but also to avoid the burdens" of pretrial matters. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (cleaned up). "Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation." *Id.* at 1127-28 (cleaned up); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (the "doors of discovery" should not be "unlock[ed]" until the plaintiff has stated a claim upon which relief can be granted).

Accordingly, Defendants request that their deadline to file an answer to the Second Amended Complaint be extended until 21 days after the Court issues a ruling on the Motion for Reconsideration. Moreover, since the Motion for Reconsideration concerns six of Plaintiff's remaining twelve claims, Defendants will be unable to meaningfully discuss "the nature and status of the case, the timing for filing of any motions, and what discovery, if any, will be needed," until it is clear which of Plaintiff's claims will move forward. Therefore, Defendants also request that the Status Conference be vacated until after the Court rules on the Motion for Reconsideration.

Pursuant to D.C.COLO.LCivR 6.1(b), undersigned counsel certifies that this is the second extension of time that Defendants have sought to file an answer to the Second Amended Complaint, and Defendants' first request to vacate the Status Conference. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served on Plaintiff and upon a representative of the United States and the individual defendants.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court extend their deadline to

answer the Second Amended Complaint until 21 days after the Court rules on Defendants' Motion for Reconsideration, and vacate the Status Conference currently set for July 28, 2022.

Respectfully submitted this 16th day of June, 2022.

COLE FINEGAN
United States Attorney

s/ *Jennifer R. Lake*
Jennifer R. Lake
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: jennifer.lake@usdoj.gov
Counsel for Defendants

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 16, 2022, I served the foregoing document on the following non-CM/ECF participant in the manner indicated:

Khalfan Kharmis Mohamed (U.S. mail)
Reg. No. 44623-054
ADX – Florence
P.O. Box 8500
Florence, CO  81226

I further certify that on June 16, 2022, I sent the foregoing document to the following representative of the United States and the individual defendants by email:

Adam A. Powell, Esq. (BOP attorney)

s/ *Jennifer R. Lake*
Jennifer R. Lake
United States Attorney's Office