IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION (ECF NO. 128)**

---

Defendants' Motion for Reconsideration, ECF No. 128, explained that the Supreme Court's recent decision in *Egbert v. Boule*, 142. S. Ct. 1793 (2022), warranted reconsideration of the Court's rulings that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims. Plaintiff's response, ECF No. 134, fails to demonstrate otherwise.

## ARGUMENT

Defendants' Motion for Reconsideration explained in detail the variety of ways in which the analysis that the Supreme Court conducted in *Egbert* impacts the analysis that the Court conducted here in determining that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims. In response, Plaintiff asserts that "Defendants do not

1

provide, or otherwise point to an 'intervening change in the controlling law,'" and argues that any consideration of *Egbert* should be limited to the "unique facts and circumstances" present in that case.[1]  ECF No. 134 at 2, 4.  But courts have already begun to recognize that *Egbert* "reframed" the analysis that courts must conduct in determining whether to extend *Bivens*, including in cases involving excessive force claims brought by prisoners.  *See, e.g.*, *Bivens v. Blaike*, No. 21-cv-00783-PAB-NYW, 2022 WL 2158984, at *3-4 (D. Colo. June 15, 2022) (recommending dismissal of prisoner's excessive force claim for lack of a *Bivens* remedy); *cf. Davis v. Greer*, No. 21 C 0995, 2022 WL 2460782, at *2 (N.D. Ill. July 6, 2022) (recognizing that "[m]ore recently, the Supreme Court again limited (under most circumstances) further expansion of *Bivens* liability," and declining to imply *Bivens* remedy for claim that excessive force was used against plaintiff during pre-trial detention).  Moreover, as Defendants explained in the Motion for Reconsideration, the analysis in *Egbert* is broadly instructive with respect to the types of considerations that are appropriate in determining whether to extend *Bivens*.  *See generally*, ECF No. 128.

Plaintiff attempts to characterize national security as the key factor underscoring the Supreme Court's decision not to imply a *Bivens* remedy for the claims in *Egbert*, asserting, for example, that the judiciary was "ill suited" to imply a *Bivens* remedy in *Egbert* "because Egbert

---

[1] Plaintiff also asserts that Defendants "used for the first time . . . the qualified immunity defense" in the Motion for Reconsideration.  ECF No. 138 at 2.  However, the Motion for Reconsideration solely asserts that the Court should reconsider its conclusions that a *Bivens* remedy should be implied for Plaintiff's excessive force and failure-to-intervene claims.  Defendants asserted that a *Bivens* remedy should not be implied for Plaintiff's excessive force and failure-to-intervene claims in their Motion to Dismiss.  *See* ECF No. 71 at 6-8.  To the extent Plaintiff claims that the Motion for Reconsideration asserts new arguments that were not raised in Defendants' Motion to Dismiss, such a claim is incorrect.

involved 'Border Patrol' issues." *See, e.g.*, ECF No. 134 at 8. But national security was only one of several reasons that the Supreme Court held that a *Bivens* remedy should not be implied for the claims in *Egbert*. For example, the Supreme Court held that Congress had provided alternative processes because the U.S. Border Patrol had a statutory directive to control its employees, and a related regulatory requirement to investigate alleged violations of law enforcement standards. 142 S. Ct. 1806. In addition, the Supreme Court refused to extend *Bivens* to the First Amendment retaliation claim even though that claim did not involve issues of national security. *See id.* at 1807-09. As Defendants explained in the Motion for Reconsideration, the reasons on which the Supreme Court relied in refusing to extend *Bivens* to the First Amendment retaliation claim are also applicable here. *See* ECF No. 128 at 4-5, 10-14.

With respect to the availability of alternative processes, Plaintiff argues that the Supreme Court's reliance on BOP's Administrative Remedy Program as an example of an alternative process in *Egbert* "was not meant to create new law or overrule an old one." ECF No. 134 at 10. This is true – in *Egbert*, the Supreme Court referenced BOP's Administrative Remedy Program as an *established* alternative process, citing to *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). 142 S. Ct. at 1806. In *Malesko*, the Supreme Court recognized that BOP's Administrative Remedy Program "provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring." 534 U.S. at 74. Thus, the Supreme Court's reliance on BOP's Administrative Remedy Program in *Egbert* did not create new law, but rather served to reinforce that the Administrative Remedy Program *is* an alternative process that forecloses the extension of *Bivens*.

Plaintiff asserts that *Malesko* "clearly affirms" the availability of a *Bivens* remedy for

federal prisoners. ECF No. 138 at 10. But this is incorrect. In *Malesko*, the Supreme Court assumed, without deciding, that a *Bivens* remedy was available to federal prisoners. *See* 534 U.S. at 72. But the Supreme Court has never recognized *Malesko* as a case in which it extended *Bivens*. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("[t]hese three cases – *Bivens*, *Davis*, and *Carlson* – represent the only instances in which the Court has approved of an implied damages remedy"). Nor did *Malesko* specify the circumstances in which a *Bivens* remedy might be available to federal prisoners. Thus, *Malesko* does not "affirm" the availability of a *Bivens* remedy for Plaintiff's excessive force and failure-to-intervene claims.

Plaintiff also asserts that the Administrative Remedy Program "itself instructs prisoners to sue in the Court," and that "Court access wouldn't be available" if a *Bivens* claim was not available for prisoner claims. *See* ECF No. 138 at 10. However, the Administrative Remedy Program is designed to address all types of grievances, not just grievances that might serve as the basis for a *Bivens* claim. *See* 28 C.F.R. § 542.10(a) ("[t]he purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to *any aspect* of his/her own confinement" (emphasis added)). Moreover, the Administrative Remedy Program does not "instruct" prisoners to file lawsuits. Instead, it provides an administrative process that allows prisoners to seek review of issues relating to their confinement. *Id.* Thus, the existence of the Administrative Remedy Program does not demonstrate a Congressional intent to permit an individual damages remedy for excessive force or failure-to-intervene claims.

Finally, Plaintiff asserts that *Egbert* did not criticize previous *Bivens* cases. ECF No. 134 at 4. But in *Egbert*, the Supreme Court explicitly stated that "if we were called to decide *Bivens* today, we would decline to discover *any* implied causes of action in the Constitution." 142 S. Ct.

at 1809 (emphasis added) (citations omitted).[2]

## CONCLUSION

For the reasons set forth above and in the Motion for Reconsideration, the Court should reconsider its Order and dismiss Claims 1-6 in the Second Amended Complaint, ECF No. 64.

Respectfully submitted on this 15th day of July, 2022.

<p style="padding-left: 50%">COLE FINEGAN<br>
United States Attorney<br>
<br>
s/ *Jennifer R. Lake*<br>
Jennifer R. Lake<br>
Assistant United States Attorney<br>
United States Attorney's Office<br>
1801 California Street, Suite1600<br>
Denver, CO 80202<br>
Telephone: 303-454-0100<br>
E-mail: jennifer.lake@usdoj.gov<br>
Counsel for Defendants</p>

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 15, 2022, I served the foregoing document, including copies of any unpublished decisions cited therein, on the following non-CM/ECF participant in the manner indicated:

Khalfan Khamis Mohamed (U.S. mail)
Reg. No. 44623-054
ADX – Florence
P.O. Box 8500
Florence, CO 81226

<p style="padding-left: 50%">s/ *Jennifer R. Lake*<br>
Jennifer R. Lake<br>
United States Attorney's Office</p>

---

[2] The Supreme Court also specifically criticized *Davis v. Passman*, finding that it "carries little weight because it predates our current approach to implied causes of action and diverges from the prevailing framework in three important ways." *Id.* at 1808.