IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-NYW

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIHO, and
UNITED STATES OF AMERICA,

    Defendants.

---

## DEFENDANTS' STATUS REPORT

On July 1, 2024, the Tenth Circuit Court of Appeals issued a mandate in Defendants' interlocutory appeal of the Court's ruling on Defendants' motion to dismiss, transferring jurisdiction back to this Court. ECF No. 175 (Mandate). The Court subsequently ordered the parties "to file a joint or separate status reports no later than July 31, 2024." ECF No. 176. Defendants hereby file their status report.[1]

---

[1] Defendants mailed a letter to Plaintiff notifying him that they intended to file a separate status report.

1

In the Second Amended Complaint, Plaintiff, an inmate at the United States Penitentiary Florence—High ("USP Florence"), asserted *Bivens* claims for excessive force, failure to intervene, freedom of speech, and deliberate indifference against the individually named Defendants. ECF No. 64 ¶¶ 1-157. He also asserted claims against the United States under the Federal Tort Claims Act ("FTCA") for battery, medical malpractice, and negligent supervision. *See id.* ¶¶ 158-169. Following the Court's ruling on Defendants' motions to dismiss,[2] ECF No. 120, and the Tenth Circuit's decision on Defendants' interlocutory appeal, ECF No. 173, the following claims remain:

| Claim Type | Claim Number(s) | Defendant | Capacity (if applicable) |
| --- | --- | --- | --- |
| Excessive Force | 1 | Brush | Individual |
| | 3 | Miller | Individual |
| | 5 | Espinoza | Individual |
| Failure to intervene | 2 | Armijo | Individual |
| | 4 | Murton | Individual |
| | 6 | Osagie | Individual |
| Deliberate Indifference | 8 | Jones | Individual and official[3] |
| | 9 | Huddleston | Individual and official |
| | 10 | Osagie | Individual and official |
| FTCA Battery | 11-13 | United States | |

---

[2] Defendants filed their Motion to Dismiss Second Amended Complaint in Part, ECF No. 71, seeking dismissal of all claims except the FTCA claims for battery and medical malpractice. The United States then subsequently filed a Motion to Dismiss Claim Fifteen, ECF No. 81, seeking to dismiss the FTCA medical-malpractice claim because Plaintiff failed to file a certificate of review (the time had not yet expired to file the certificate of review when Defendants filed the first motion to dismiss).

[3] Plaintiff seeks an order that he be evaluated by "an expert in broken bones" and a psychiatrist. ECF No. 64 at 30.

2

With respect to the individual-capacity claims, Defendants intend to move for judgment on the pleadings under Rule 12(c) on the basis that there is no *Bivens* remedy for Plaintiff's excessive-force, failure-to-intervene, and deliberate-indifference claims. Defendants did not previously move to dismiss the deliberate-indifference claims for lack of a *Bivens* remedy, but did previously move to dismiss the excessive-force and failure-to-intervene claims on that basis. Since Defendants did not previously assert those arguments with respect to the deliberate-indifference claims, and in light of the continuously evolving case law concerning the truncation of *Bivens*, Defendants intend to move for judgment on the pleadings on these claims.[4] Defendants intend to file their Rule 12(c) motion by August 30, 2024.

With respect to the FTCA battery claims, the United States is prepared to file a proposed scheduling order for discovery into these claims by August 30, 2024.[5]

Defendants believe that proceeding with discovery on the FTCA claims while awaiting a ruling on the forthcoming 12(c) motion concerning the excessive-force, failure-to-intervene, and deliberate indifference claims is the most efficient way to proceed in this case because the FTCA claims concern discrete alleged uses of force. Discovery into the other claims—which will be the subject of Defendants' forthcoming Rule 12(c) motion—will significantly broaden the scope of discovery because it would require discovery into Plaintiff's allegations concerning multiple officers' failure to intervene in the uses of force and the medical treatment Plaintiff received

---

[4] Defendants are also currently evaluating arguments to assert in the 12(c) motion concerning Plaintiff's official-capacity deliberate-indifference claims, since Plaintiff seeks an injunction ordering an evaluation by an "expert in broken bones" but acknowledges in the Amended Complaint that his ankle fracture has healed and his wrist and jaw x-rays were normal.

[5] The United States has built in time for the written conferral process on the proposed scheduling order to account for the logistics of exchanging drafts with Plaintiff, who is incarcerated.

3

following the alleged uses of force.  Moreover, some of the individual Defendants are former employees, and discovery requests concerning the individual-capacity claims will thus create additional burdens for Defendants that discovery into the claims brought solely against the United States will not pose.

Accordingly, Defendants propose to file a proposed scheduling order for discovery concerning Plaintiff's FTCA claims and a Rule 12(c) motion concerning the excessive-force, failure-to-intervene, and deliberate-indifference claims by August 30, 2024.

Respectfully submitted this 31st day of July, 2024.

MATTHEW T. KIRSCH
Acting United States Attorney

*s/ Jennifer R. Lake*
Jennifer R. Lake
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO  80202
(303) 454-0100
(303) 454-0407 fax
jennifer.lake@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on July 31, 2024, I served the foregoing document on the following non-CM/ECF participant in the manner indicated:

Khalfan Khamis Mohamed (U.S. mail)
Reg. No. 44623-054
USP Florence - High
P.O. Box 7000
Florence, CO  81226

                                              *s/ Jennifer Lake*
                                              Jennifer Lake
                                              United States Attorney's Office