IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Mohamed v. Jones et al. No. 1:20-cv-02516-RBJ-MDB

## PLAINTIFF'S MOTION FOR COURT'S ORDER OPENING DISCOVERY PERTAINING TO THE 12-CLAIMS PENDING BEFORE THE COURT

Plaintiff respectfully file this motion requesting that the court immediately, as it's appropriate for the court, open the discovery process regarding all currently pending 12-claims. He states:

1- Plaintiff filed this case almost four years ago. In the process, several of claims were dismissed.

2- Early on, plaintiff filed his requests for discovery including request for interrogatories, production of documents, and request for admissions. Docs 16-18. Upon the defendants' failure to produce any discovery to plaintiff or otherwise response to his request in any manner, Mohamed filed motion to compel the defendants to produce the requested discovery. See doc. 30.

3- In his motion to compel discovery, Id, Mohamed stated his long time efforts to obtain the relevant records. He explained and showed that, for example, he submitted FOIA requests since 2019, but the government declined to provide any relevant, any records, period. Id. He also requested his medical records from the ADX authority. That also was denied.

4- The Court then, in 2.15.2021, in a minute order, denied Plaintiff's motion to compel and for expedited discovery, doc. 30. The court said: The motion was denied because:

"Defendants have not answered or otherwise responded to the complaint, and no scheduling conference or discovery schedule has yet been entered. The court will determine, after review of defendant's answer(s) or other responsive pleading(s), if a scheduling conference will be set".

5- Later on, the Court ordered for the status conference to be set

-1-

on July 28, 2022. Doc. 121. However, the defendants then filed motion for, among other things "vacating status conference..." Doc. 129. The Court then, in granting defendants' motion, reset the status conference to Sept. 22, 2022. Doc. 131.

6- Honestly, plaintiff doesn't know what happened about that conference after the above referenced court order. Doc. 131. But he does know that no such conference ever took place.

7- On 12-20-22, the defendants filed their answer. Doc. 155. After that, the defendants spent virtually the rest of the following time arguing, rearguing their position in this court and then in the Tenth Circuit Court of Appeals.

8- Recently, after the 10th Circuit's dismissal of the defendants' appeal and the defendants' own choice not to file appeal to the U.S. Supreme Court, this court ordered the parties to file a joint or separate status report. Doc. 176. The defendants then informed plaintiff that they'll file a separate status report. They filed it. Doc. 177.

9- In their status report, the defendants stated that they're going once again seek the dismissal of 9 of plaintiff's 12-claims. Id. And that they'll allow discovery only regarding the three battery claims. Id.

ARGUMENT:
Plaintiff has review this district's local rules as well the district judge's standard practice, but couldn't locate a helpful guidance on how to approach this present situation.

However, it's clear that Rule 26(d)(1)(2) of F.R.C.P. allow discovery here. And infact appears to have been allowing the production of documents long before. See Id. Plaintiff therefore, requests the discovery based on this referenced rule and any additional type of discovery authorized by the court.

It's clear that the government once again uses its unlimited resources to delay the proceedings. The defendants' new, recent status report appears, at least implicitely, to claim the position of authority regarding which discovery and when discovery can be

-2-

sought and produced, stating: "Defendants believe that proceeding with discovery on the FTCA claims... is the most efficient way to proceed in this case..." doc. 177 at 3.

However, the relevant rules such as Rule 16 and 26, do not appear to give the defendants this authority to choose which discovery should be sought and provided... The rules along with case law give that authority to the Court, especially when the defendants purposefully decided not to confer with plaintiff on the subject. The Supreme Court said:

The district judge has two primary options prior to permitting any discovery or trial. First... "insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment... Second, if the defendant does plea the immunity defense, the district court should resolve that threshold question before permitting discovery... If the plaintiff's action survives these initial hurdles..., the plaintiff... will be entitled to some discovery" Crawford-El v. Britton, 523 US. 574, 598. (1997). The Court also added: Rule 26 vests the trial judge with broad discretion to tailor discovery... and to dictate the sequence of discovery" Id. Plaintiff has met his burden put forth by supr. court.

It's clear, thus: it's the court and not the defendants who've the authority to determine the discovery related matters.

Defendants stated that they intend to seek plaintiffs' claims dismissal on the basis that there is no Bivens remedy..." doc. 177 at 3. And that defense, which they've already pleaded previously, they use to block the discovery process. Defendants, probably, represented with group of lawyers, have had their time to argue for their defense. As stated earlier, several of plaintiff's claims have been since long dismissed. That was based on defendants' efforts. The Court should allow this case move on and permit the discovery for the pending 12-claims. Delaying

---

[1] This court, perhaps implicitly noted to "the absence of an indication of interest in attempting" by the parties "to settle their disputes. See court's order: 8.8.2024, granting 178 mot. to appoint Pro Bono Counsel. The court's correct. Plaintiff notes for the court's info he has so far twice reached to the counsel representing the defts. for settlement proposals including that would result into immediate and entire dismissal of this case. The first of these proposal was in 2021. Plaintiff received no response, period.

(3)

discovery, or worst; depriving plaintiff the discovery after almost four years, will likely be prejudice to plaintiff.

CONCLUSION:
Therefore plaintiff asks the court to open the discovery via an order or any other proper means, for all 12-pending claims. Allowing the defendants again hindering the proceedings now will not even guarantee that, after their yet to be filed briefings, they'll be satisfied and allow the case to move on. In a way of reminding, plaintiff states that; he did try to amend his complaint to assert new claims based on his stolen and destroyed literatures... The government then aggressively opposed the amended complaint: doc. 133, 138. And the court thereafter, agreed with the defendants and denied plaintiff the leave to amend. The reasons included: it was too late... Allowing the defendants using different manners of hindering the proceedings will result into prejudice to plaintiff as well.

Respectfully, dated 8.19.2024

Khalfan Kh. Muhamed
U.S.P-Florence, P O Box 7000
Florence, CO 81226

Khalfan Kh. Muhamed
S/ Muhamed.

CERTIFICATE OF SERVICE:

I, Khalfan Kh. Muhamed certify that on 8.19.24, have mailed my motion titled above addressed to:
Office of the clerk, U.S. Dist. Court, 901-19th st, Room 105
Denver CO 80294-3589.

Dated: 8.19.2024

Khalfan Kh. Muhamed
U.S.P-Florence P O Box 7000
Florence CO 81226

Khalfan Kh. Muhamed
S/ Muhamed.

-4-

## EXHIBIT: 1

## DECLARATION OF MAILING:

I, Khalfan Kh. Mohamed declaires under penalty of perjury pursuant to 28 U.S.C. §1746 that on Monday, 8-19-2024, have submitted for mailing my motion for court's order..., to the appropriate staff as a legal mail, with enough postage stamps for the first class mailing. Addressed to:

Office of the Clerk
United States District Court,
901-19th St., Room A 105
Denver CO 80294-3589.

Dated: 8-19-2024

Khalfan Kh. Mohamed
U.S.P. Florence P.O BOX 7000
Florence, CO 81226-?

Khalfan Kh. Mohamed
s/ Mohamed.

Mohammed Khalifah #44623-054
U.S.P - Florence, P.O. Box 7000
Florence, Co 81226

Office of the Clerk
United States District Court,
901 - 19th st., Room A105
Denver, Co 80294 - 3589

Legal Mail

DENVER CO 802
22 AUG 2024 PM 2 L

80294-250151

Legal Mail