IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIHO, and
UNITED STATES OF AMERICA,

    Defendants.

## DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and Uniform Civil Practice Standards of the United States Magistrate Judges ("Uniform Civil Practice Standards") § V.5, Defendants move for entry of the attached Protective Order regulating the use and disclosure of documents and materials produced in connection with discovery in this case. Pursuant to D.C.COLO.LCivR 7.1(b)(1), conferral was not required before filing this motion because Plaintiff is an unrepresented prisoner.

1.    A protective order is warranted in this case due to the nature of the claims and related discovery that will need to be exchanged. Discovery may include sensitive information related to the operations of the U.S. Penitentiary – Administrative Maximum ("ADX") and

1

Plaintiff's medical records, among other things. Additionally, Defendants may need to produce certain information or documents that are subject to the Privacy Act, 5 U.S.C. § 552a, because the Federal Bureau of Prisons maintains information that relates to individuals and is contained in a system of records. Discovery may also include information that should be protected for other reasons.

2. To balance the need for disclosure with the need for confidentiality, Defendants seek the entry of a protective order. *See Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000) (approving of protective orders where a party reviews material and designates information as confidential based on a good faith belief that the information is confidential or subject to protection).

3. The proposed Protective Order will minimize the necessity for judicial intervention in dealing with discovery materials as the case progresses. *See id.* (observing that protective orders can "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention"). A copy of the proposed Protective Order, which is based on the template Protective Order in the Uniform Civil Practice Standards, is attached.

4. Pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), Defendants submit that the attached Protective Order is necessary to protect the discovery and dissemination of protected or confidential information or information which, if released to third persons or parties, may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

WHEREFORE, Defendants request that the Court enter the attached Protective Order.

Dated November 26, 2024.                Respectfully submitted,

                MATTHEW T. KIRSCH
                Acting United States Attorney

                s/ *Jennifer R. Lake*
                ***Jennifer R. Lake***
                Assistant United States Attorney
                1801 California Street, Ste. 1600
                Denver, Colorado 80202
                Telephone: (303) 454-0100
                E-mail: jennifer.lake@usdoj.gov

                Counsel for Defendants

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on November 26, 2024, I served the foregoing document on the following non-CM/ECF participant in the manner indicated:

Khalfan Khamis Mohamed (U.S. mail)
Reg. No. 44623-054
USP Florence - High
P.O. Box 7000
Florence, CO  81226

                                          *s/ Jennifer Lake*
                                          Jennifer Lake
                                          United States Attorney's Office

4