IN THE UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

---

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

---

This matter is before the Court on Mr. Mohamed's motion for reconsideration. ECF No. 206. He seeks reconsideration of the order granting judgment on the pleadings in favor of defendants on his nine *Bivens* claims. ECF No. 199. Mr. Mohamed's motion is DENIED.

**BACKGROUND**

Plaintiff Khalfan Khamis Mohamed, an inmate at the United States Penitentiary Florence ADMAX (ADX Florence), filed suit against eight BOP officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the officers beat, threatened, and verbally abused him, ECF No. 64 ¶¶ 20–43, 54–57, 71–74, or

1

witnessed the abuse and failed to intervene, ECF No. 64 ¶¶ 46–52, 59–66, 76–84. Mr. Mohamed also alleges that officers denied him timely medical attention for injuries sustained in the beating. ECF No. 64 ¶¶ 130–132. Mr. Mohamed filed a complaint including claims under the Eighth Amendment, the First Amendment, and the Federal Tort Claims Act (FTCA). *See* ECF Nos. 1, 64. The amended complaint sought monetary damages for his claims against the individual officers and an injunction requiring defendants to provide him examination and treatment by an orthopedic specialist. ECF No. 64 at 30.

After reviewing defendants' first and second motions to dismiss, then-Magistrate Judge Nina Y. Wang issued a 79-page recommendation, which I accepted and adopted on May 18, 2022. *See* ECF No. 103; ECF No. 120. Accordingly, I granted defendants' motions to dismiss as to plaintiff's First Amendment claim (claim 7) and as to the FTCA claims of negligent supervision and performance (claims 14 and 15), denied defendants' motion to dismiss as to the FTCA battery claims (claims 11 through 13), and denied defendants' motions to dismiss as to the Eighth Amendment claims (claims 1 through 6 and 8 through 10). *See* ECF No. 120 at 13.

At that time, I concluded a *Bivens* remedy was available for claims 1 through 6, reasoning that there was "no meaningful difference" between the Eighth Amendment excessive force and failure-to-intervene claims at issue here and the Eighth Amendment deliberate indifference claim for which the Supreme Court provided a *Bivens* remedy in *Carlson v. Green*, 446 U.S. 14 (1980). *See* ECF No. 120 at 4. Furthermore, I reasoned, even if the excessive force and failure-to-intervene claims presented a new context, there were "no special factors counseling against extending a *Bivens* remedy." ECF No. 120 at 5.

On June 8, 2022, the Supreme Court issued its decision in *Egbert v. Boule*, 596 U.S. 482, which addressed two questions: (1) whether a cause of action exists under *Bivens* "for First

2

Amendment retaliation claims," and (2) whether a cause of action exists under *Bivens* for Fourth Amendment claims "against federal officers engaged in immigration-related functions." *See* U.S. Supreme Court, Grant of Petition for Certiorari, November 5, 2021. The majority in *Egbert* declined to provide a *Bivens* remedy in those two enumerated contexts.

Defendants then moved for reconsideration of the denial of their motion to dismiss counts 1 through 6, arguing that *Egbert* foreclosed the analysis on which I relied in finding that a *Bivens* remedy should be implied for plaintiff's Eighth Amendment excessive force and failure-to-intervene claims. *See* ECF No. 128 at 1. On October 24, 2022 I concluded that defendants' arguments under *Egbert* did not warrant the "extreme remedy" of reconsideration. *See* ECF No. 150 at 3. I reasoned that "*Egbert* d[id] not vitiate the preceding decades of precedent," and that it did not follow from *Egbert*'s "recognition of the pervasive effects of the immigration context on a Fourth Amendment claim" that all future *Bivens* claims—particularly those vindicating other constitutional rights—would be foreclosed. *See* ECF No. 150 at 7–8. I was unpersuaded by defendants' suggestion to extrapolate from *Egbert* that the Supreme Court had rendered *Bivens* a dead letter. I therefore denied reconsideration.

On December 22, 2022 defendants appealed the denials of their motion to dismiss and motion to reconsider. *See* ECF No. 156. On May 7, 2024 the Tenth Circuit dismissed the appeal for lack of interlocutory appellate jurisdiction. *See* ECF No. 173. During the pendency of that appeal, the Tenth Circuit issued several other decisions interpreting *Egbert* and suggesting that *Bivens* hailed from an "*ancien regime*" in which the Supreme Court had "routinely" and improvidently "implied causes of action." *See Rowland v. Matevousian*, 121 F.4th 1237, 1241 (10th Cir. 2024). On September 16, 2024, based on "the continually evolving precedent in the Tenth Circuit and this District on the availability of *Bivens* remedies," defendants moved for

3

judgment on the pleadings as to claims 1 through 6 and 8 through 10.¹  ECF No. 182 at 4.  They argued that *Bivens* claims pursuant to the Eighth Amendment for excessive force, failure to intervene, and deliberate indifference were no longer "cognizable" based on the recent developments in Tenth Circuit precedent.  ECF No. 182 at 4.

I agreed and concluded I was bound by Tenth Circuit precedent to hold that Mr. Mohamed's *Bivens* claims were no longer cognizable.  *See* ECF No. 199 at 10.  I acknowledged that "[t]he analysis required by *Silva* [*v. United States*, 45 F.4th 1134 (10th Cir. 2022)] sits uneasily with other operative circuit precedent"—including not only the Supreme Court's decisions in *Ziglar v. Abbasi*, 582 U.S. 120 (2017) and *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), but also the circuit's own decisions in *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024) and *Rowland v. Matevousian*, 121 F.4th 1237 (10th Cir. 2024).  *See* ECF No. 199 at 5.

Nevertheless, I concluded that I was bound by precedent in this circuit unequivocally holding that the BOP's administrative grievance program constitutes an "independent reason[]" foreclosing *Bivens* relief without inquiry into whether the case presents a new *Bivens* context.  *See* ECF No. 199 at 7-8 (quoting *Silva*, 45 F.4th at 1139).  Because the alleged misconduct here took place within a federal prison, I reasoned, the BOP's internal grievance program was an

---

¹ They requested judgment on the pleadings as to counts 1 through 10, but claim 7 had already been dismissed.  *See* ECF No. 120 at 13.  I therefore treated that motion as requesting judgment on the pleadings only as to the Eighth Amendment *Bivens* claims that then remained.  Defendants did not challenge Mr. Mohamed's FTCA claim against the United States; they challenged only the claims against individual officers for damages and injunctive relief.  *See* ECF No. 182 at 2 (arguing that "[d]efendants are entitled to judgment on the pleadings for Plaintiff's claims for excessive force, failure to intervene, and deliberate indifference (Claims 1–6 and 8–10)").

available remedy. Therefore, I was bound to grant defendants' motion for judgment on the pleadings as to Mr. Mohamed's *Bivens* claims (claims 1 through 6 and 8 through 10 of the operative complaint). ECF No. 199 at 14.[2]

Mr. Mohamed now seeks reconsideration of that order granting judgment on the pleadings. *See* ECF No. 206.

## LEGAL STANDARD

Mr. Mohamed, proceeding *pro se*,[3] appears to seek reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides for a "motion to alter or amend [the] judgment" under certain circumstances. However, "a motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). "The decision to grant reconsideration is committed to the sound discretion of the district court." *Id*. In exercising that discretion, "courts consider whether there has been an intervening change in the [controlling] law, new evidence, or the need to correct clear error or to prevent manifest injustice." *See id*.; *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (clarifying that any intervening change in the law is not sufficient to warrant reconsideration; the intervening change must be in law that controls on the instant facts). A motion to reconsider is not to be used to "reargue issues by rehashing facts and

---

[2] This order left intact only the FTCA claims (claims 11 through 13) against the United States.

[3] Courts are to construe *pro se* litigants' filings "liberally." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (noting that the court "make[s] some allowances for 'the [*pro se*] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements'"). Therefore, although Mr. Mohamed does not cite Rule 59(e), I construe the motion as requesting reconsideration under that provision of the Federal Rules.

arguments already addressed or available, yet neglected, in the original proceeding." *Jaffrey v. Portercare Adventist Health Sys.*, No. 15-CV-02297-NYW, 2017 WL 3437986, at *2 (D. Colo. Aug. 10, 2017).

## ANALYSIS

Mr. Mohamed "argues that the Court should reconsider its order, [ECF No.] 199, and reverse it to allow the nine *Bivens* claims to proceed" for three reasons. ECF No. 206 at 1.

First, he argues, the Court should have concluded that the administrative remedy is effectively unavailable because it "operates as a simple dead end." ECF No. 206 at 1 (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016) (concerning the exhaustion requirements of the Prison Litigation Reform Act)). Mr. Mohamed maintains that when considering whether an administrative remedy is "available" to a prisoner, courts should apply *Ross*—which held that "'available' requires the possibility of some relief"—rather than *Egbert*. *See* ECF No. 206 at 2 (citing 578 U.S. at 643) (internal citations omitted). And Mr. Mohamed would have the Court conclude that because the BOP's grievance program "operate[d] as a simple dead end" here, it could not constitute an alternative remedy foreclosing *Bivens* relief. *See* ECF No. 206 at 2.

This argument is unavailing. The Tenth Circuit stated clearly in *Silva* that *Egbert* governs whether a *Bivens* remedy is available for an alleged constitutional violation. *See* 45 F.4th at 1137 (noting that the court "resolve[d] th[e] case by applying *Egbert*"); *see also* 45 F.4th at 1140–41 (purporting to "take several lessons from *Egbert*" and "apply[ing] *Egbert*" to conclude that Mr. Silva's *Bivens* claim was "foreclosed by the availability of the BOP Administrative Remedy Program to address his complaint"). *Ross*—which concerns the PLRA's exhaustion requirement, not the existence of a claim under *Bivens*—is neither cited nor discussed in *Silva*.

Moreover, *Egbert* appeared to contradict the holding in *Ross*. The Court in *Ross* held that to constitute an "available" remedy that would trigger the exhaustion requirement, that remedy must provide "the possibility of some relief." 578 U.S. at 643. By contrast, the Court in *Egbert* stated that "the absence of relief 'does not by any means necessarily imply that courts should award money damages.'" 596 U.S. at 501 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 422 (1988)). And *Egbert*'s description of a "remedial process that [Congress] finds sufficient to secure an adequate level of deterrence" has been interpreted *not* to require an inquiry into whether that process would provide actual relief. *See Silva*, 45 F.4th at 1141. There, the Tenth Circuit relied on language from *Malesko*—the observation that "[i]nmates . . . 'have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program'"— to conclude that "the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.'" *Id*. (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 62 (2001)).

The Tenth Circuit thus appears to have held that the BOP's grievance program constitutes *per se* an available alternative remedy foreclosing *Bivens* relief, without inquiry into the efficacy of the remedy in any individual circumstances. *See* 45 F.4th at 1141. Although this Court has observed the anomalous import of such an approach, it must give effect to this circuit's binding precedent. *See*, *e.g.*, *Smith v. Trujillo*, No. 120CV00877RBJSTV, 2023 WL 5434715, at *5 (D. Colo. Apr. 27, 2023) ("I note that my order today sits uneasily within the broader context of federal law governing prison litigation and generates several anomalous results."); *see also id*. (quoting *Noe v. United States*, Case 1:21-cv-01589-CNS-STV, ECF No. 162 at 19-20 (12/14/2022)) ("'Under the rationale of this Recommendation, a federal prison official may

7

sadistically beat an inmate to within an inch of his life and that inmate will not have a civil remedy against that prison official—after all, the inmate may file a grievance pursuant to the BOP Administrative Remedy Program.'").  The argument to reconsider under *Ross* is therefore unpersuasive.

Second, Mr. Mohamed argues that the Court should reconsider its grant of judgment on the pleadings as to his deliberate indifference claims because the Court observed that those claims may not "meaningfully differ[] from previously recognized *Bivens* claims."  ECF No. 206 at 3 (citing ECF No. 199 at 10 n.4) (observing that the deliberate indifference claims here might "fall within [a] recognized *Bivens* context, as they resemble the deliberate indifference claims at issue in *Carlson* [*v. Green*], 446 U.S. 14").  Mr. Mohamed appears to argue that the Court erred by not finding a new context analysis to be dispositive here.  *See* ECF No. 206 at 3.[4]

This argument cannot provide a basis for reconsideration because, as the Court explained in its previous order, "*Egbert*, as understood by *Silva*, quietly alters th[e] [existing] framework to cast the alternative remedy inquiry as an independent reason to deny *Bivens* relief (without respect to whether the claims arise in a recognized context)."  ECF No. 199 at 10 n.4.  The Court observed that this approach "conflicts with [the framework set forth in] *Abbasi*," but concluded that recent Tenth Circuit precedent "is binding and is dispositive here."  ECF No. 199 at 10 n.4.  Mr. Mohamed does not provide grounds to disturb the previous analysis.

---

[4] Mr. Mohamed also argues that "virtually all other circuits" have been "allowing similar [deliberate indifference] claims to proceed."  ECF No. 206 at 4.  However, he does not substantiate this contention by citation to caselaw or additional explanation.  In addition, even if it were true—as Mr. Mohamed asserts—that the Tenth Circuit is "the only circuit to have so far completely refuse[d] prisoners' claim[s] to proceed via *Bivens*," that fact would not disturb the result here, because the Court is bound to apply Tenth Circuit law.

Third, Mr. Mohamed argues for reconsideration of the grant of judgment on the pleadings as to his excessive force and failure to intervene claims. ECF No. 206 at 4. In support, he maintains that he "extensively showed" in his briefing that other circuits "increasingly conclude that prisoners do have *Bivens* remed[ies]" in suits alleging misconduct by BOP officials against prisoners. He believes it is "only a matter of time before the Tenth Circuit joins the rest." ECF No. 206 at 4.

Mr. Mohamed does not cite caselaw in support of the characterization that other circuits are "increasingly" recognizing *Bivens* remedies, and the Court does not believe it is correct. In any event, this argument does not provide a basis for reconsideration, as it does not identify "an intervening change in the law" or "new evidence" not considered in the initial order, where—as Mr. Mohamed describes—he raised the same arguments. *Brumark*, 57 F.3d at 944; *see also* ECF No. 206 at 4. In addition, out-of-circuit precedent does not control here and cannot suggest a need "to correct clear error" in the challenged order. 57 F.3d at 944. Therefore, this argument does not provide a basis for reconsideration.

## ORDER

For the reasons above, the motion to reconsider is DENIED. The Court will consider separately plaintiff's motion for leave to file a Third Amended Complaint, ECF No. 205. *See* ECF No. 206 at 5 (appearing to request a ruling on that pending motion).

DATED this 11th day of February, 2025.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge