IN THE UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

---

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

---

This matter is before the Court on Mr. Mohamed's motion for leave to file a Third Amended Complaint. ECF No. 205. The motion is DENIED.

## BACKGROUND

Plaintiff Khalfan Khamis Mohamed, an inmate at the United States Penitentiary Florence ADMAX (ADX Florence), filed suit against eight BOP officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the officers beat, threatened, and verbally abused him, ECF No. 64 ¶¶ 20–43, 54–57, 71–74, or witnessed the abuse and failed to intervene, ECF No. 64 ¶¶ 46–52, 59–66, 76–84. Mr. Mohamed

1

also alleges that officers denied him timely medical attention for injuries sustained in the beating. ECF No. 64 ¶¶ 130–132. In August 2020 Mr. Mohamed filed a complaint describing these allegations. *See* ECF No. 1. He amended the complaint in June 2021 to add six new claims. ECF No. 64. The amended complaint included claims under the Eighth Amendment, the First Amendment, and the Federal Tort Claims Act (FTCA) and sought monetary damages against the individual officers and an injunction requiring defendants to provide him examination and treatment by an orthopedic specialist. ECF No. 64 at 30.

After reviewing defendants' first and second motions to dismiss, then-Magistrate Judge Nina Y. Wang issued a 79-page recommendation, which I accepted and adopted on May 18, 2022. *See* ECF No. 103; ECF No. 120. Accordingly, I granted defendants' motions to dismiss as to plaintiff's First Amendment claim (claim 7) and as to the FTCA claims of negligent supervision and performance (claims 14 and 15), denied defendants' motion to dismiss as to the FTCA battery claims (claims 11 through 13), and denied defendants' motions to dismiss as to the Eighth Amendment claims (claims 1 through 6 and 8 through 10). *See* ECF No. 120 at 13.

At that time, I concluded a *Bivens* remedy was available for claims 1 through 6, reasoning that there was "no meaningful difference" between the Eighth Amendment excessive force and failure-to-intervene claims at issue here and the Eighth Amendment deliberate indifference claim for which the Supreme Court provided a *Bivens* remedy in *Carlson v. Green*, 446 U.S. 14 (1980). *See* ECF No. 120 at 4. Furthermore, I reasoned, even if the excessive force and failure-to-intervene claims presented a new context, there were "no special factors counseling against extending a *Bivens* remedy." ECF No. 120 at 5.

On June 8, 2022, the Supreme Court issued its decision in *Egbert v. Boule*, 596 U.S. 482, which addressed two questions: (1) whether a cause of action exists under *Bivens* "for First

2

Amendment retaliation claims," and (2) whether a cause of action exists under *Bivens* for Fourth Amendment claims "against federal officers engaged in immigration-related functions." *See* U.S. Supreme Court, Grant of Petition for Certiorari, November 5, 2021. The majority in *Egbert* declined to provide a *Bivens* remedy in those two enumerated contexts.

Defendants then moved for reconsideration of the denial of their motion to dismiss counts 1 through 6, arguing that *Egbert* foreclosed the analysis on which I relied in finding that a *Bivens* remedy should be implied for plaintiff's Eighth Amendment excessive force and failure-to-intervene claims. *See* ECF No. 128 at 1. On October 24, 2022 I concluded that defendants' arguments under *Egbert* did not warrant the "extreme remedy" of reconsideration. *See* ECF No. 150 at 3. I reasoned that "*Egbert* d[id] not vitiate the preceding decades of precedent," and that it did not follow from *Egbert*'s "recognition of the pervasive effects of the immigration context on a Fourth Amendment claim" that all future *Bivens* claims—particularly those vindicating other constitutional rights—would be foreclosed. *See* ECF No. 150 at 7–8. I was unpersuaded by defendants' suggestion to extrapolate from *Egbert* that the Supreme Court had rendered *Bivens* a dead letter. I therefore denied reconsideration.

On December 22, 2022 defendants appealed the denials of their motion to dismiss and motion to reconsider. *See* ECF No. 156. On May 7, 2024 the Tenth Circuit dismissed the appeal for lack of interlocutory appellate jurisdiction. *See* ECF No. 173. During the pendency of that appeal, the Tenth Circuit issued several other decisions interpreting *Egbert* and suggesting that *Bivens* hailed from an "*ancien regime*" in which the Supreme Court had "routinely" and improvidently "implied causes of action." *See Rowland v. Matevousian*, 121 F.4th 1237, 1241 (10th Cir. 2024). On September 16, 2024, based on "the continually evolving precedent in the Tenth Circuit and this District on the availability of *Bivens* remedies," defendants moved for

3

judgment on the pleadings as to claims 1 through 6 and 8 through 10.[1]  ECF No. 182 at 4.  They argued that *Bivens* claims pursuant to the Eighth Amendment for excessive force, failure to intervene, and deliberate indifference were no longer "cognizable" based on the recent developments in Tenth Circuit precedent.  ECF No. 182 at 4.

I agreed and concluded I was bound by Tenth Circuit precedent to hold that Mr. Mohamed's *Bivens* claims were no longer cognizable.  *See* ECF No. 199 at 10.  I acknowledged that "[t]he analysis required by *Silva* [*v. United States*, 45 F.4th 1134 (10th Cir. 2022)] sits uneasily with other operative circuit precedent"—including not only the Supreme Court's decisions in *Ziglar v. Abbasi*, 582 U.S. 120 (2017) and *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), but also the circuit's own decisions in *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024) and *Rowland v. Matevousian*, 121 F.4th 1237 (10th Cir. 2024).  *See* ECF No. 199 at 5.

Nevertheless, I concluded that I was bound by precedent in this circuit unequivocally holding that the BOP's administrative grievance program constitutes an "independent reason[]" foreclosing *Bivens* relief without inquiry into whether the case presents a new *Bivens* context.  *See* ECF No. 199 at 7-8 (quoting *Silva*, 45 F.4th at 1139).  Because the alleged misconduct here took place within a federal prison, I reasoned, the BOP's internal grievance program was an

---

[1] They requested judgment on the pleadings as to counts 1 through 10, but claim 7 had already been dismissed.  *See* ECF No. 120 at 13.  I therefore treated that motion as requesting judgment on the pleadings only as to the Eighth Amendment *Bivens* claims that then remained.  Defendants did not challenge Mr. Mohamed's FTCA claim against the United States; they challenged only the claims against individual officers for damages and injunctive relief.  *See* ECF No. 182 at 2 (arguing that "[d]efendants are entitled to judgment on the pleadings for Plaintiff's claims for excessive force, failure to intervene, and deliberate indifference (Claims 1–6 and 8–10)").

available remedy.  Therefore, I was bound to grant defendants' motion for judgment on the pleadings as to Mr. Mohamed's *Bivens* claims (claims 1 through 6 and 8 through 10 of the operative complaint).  ECF No. 199 at 14.[2]

Mr. Mohamed sought reconsideration of the order granting judgment on the pleadings.  *See* ECF No. 206.  I denied that motion because Mr. Mohamed did not raise new arguments, present new governing authority, or otherwise demonstrate that the previous decision was erroneous.  *See* ECF No. 208 at 5 (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting that in deciding whether to grant reconsideration, "courts consider whether there has been an intervening change in the [controlling] law, new evidence, or the need to correct clear error or to prevent manifest injustice").

Now before the Court is Mr. Mohamed's motion for leave to file a Third Amended Complaint.  ECF No. 205.  Mr. Mohamed describes that the proposed Third Amended Complaint "is identical to the previous/operative one," ECF No. 64.  ECF No. 205 at 1.  He states that the proposed amendment "reallege[s] the previous[] allegations" but "limits his requests for relief to[] the injunction that would require the government . . . to treat his ankle[] and declaratory judgment that merely acknowledge[s] the violation of his rights."  ECF No. 205 at 1.  The Court notes that the proposed Third Amended Complaint—attached to the motion for leave to amend— in fact also requests monetary damages of "2 million dollars for the three FTCA battery claims" and, "if applicable[,] nominal [and] punitive damages."  ECF No. 205 at 30.[3]

---

[2] This order left intact only the FTCA claims (claims 11 through 13) against the United States.

[3] For purposes of this analysis, the Court gives effect to the relief requested in the proposed Third Amended Complaint, ECF No. 205 at 30, and otherwise accepts Mr. Mohamed's characterization of the amendments he seeks.  Defendants believe that Mr. Mohamed in the

## LEGAL STANDARD

Mr. Mohamed, proceeding *pro se*,[4] appears to seek leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written consent of the adverse party.'" *Mengert v. United States*, 120 F.4th 696, 717 (10th Cir. 2024) (quoting Fed. R. Civ. P. Rule 15(a)(2)). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." However, the "decision still lies within the district court's discretion." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).

"A district court may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Id*. (quoting *Frank v. U.S. West,*

---

proposed amendment seeks to add new official-capacity claims for excessive force and failure to intervene. *See* ECF No. 209 at 7 (comparing ECF No. 64 at 3 n.1, in which plaintiff described "[t]he rest of the individual staff-defendants [other than Jones, Huddleston, and Osagie] . . . are each sued on individual capacity" with ECF No. 205 at 9 n.1, in which plaintiff stated that "each and all defendants sued under both: individual and official capacities"). The Court is not inclined to infer from this apparent difference that Mr. Mohamed now seeks to add new section 1983 claims against each defendant, given Mr. Mohamed's statement that he was not seeking to add any new claims in the proposed amendment. *See* ECF No. 205 at 1. Mr. Mohamed's stated intent suggests the change in wording may not have been intentional. In any event, as described below, such a request would be untimely.

[4] Courts are to construe *pro se* litigants' filings "liberally." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (noting that the court "make[s] some allowances for 'the [*pro se*] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements'"). Therefore, although Mr. Mohamed does not cite Rule 15, I construe the motion as requesting to amend the complaint under that provision of the Federal Rules. *See Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir. 2022) ("Motions to amend pleadings prior to trial are governed by Federal Rules of Civil Procedure 15 and 16.").

*Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  The "denial of leave to amend is appropriate" on timeliness grounds, for example, "'when the party filing the motion has no adequate explanation for the delay,'" such as when the movant "was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."  *Id*. (quoting *Minter*, 451 F.3d at 1206); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) ("[U]ntimeliness alone is an adequate reason to refuse leave to amend.").  By contrast, a plaintiff may show good cause for a delayed amendment if he "learns new information through discovery or if the underlying law has changed."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014).

In addition, the Tenth Circuit has explained that "a district court may withhold leave to amend if the amendment would be futile."  *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022).  One basis to find an amendment futile is that "'as amended, [the claim] would be subject to dismissal.'"  *Johnson v. Metro. Prop. & Cas. Ins. Co.*, 97 F.4th 1223, 1232 (10th Cir. 2024) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)).

## ANALYSIS

Mr. Mohamed requests leave to file the proposed Third Amended Complaint.  The proposed amendment "reallege[s] the previous[] allegations" from the operative complaint, including the *Bivens* claims[5] against the individual officers and the FTCA claims against the United States.  *See* ECF No. 205 at 1.  Like the operative complaint, the proposed amendment requests an "injunction that would require the government . . . to treat his ankle," a "declaratory

---

[5] Judgment on the pleadings on these *Bivens* claims was granted in favor of defendants in January 2025, ECF No. 199, and reconsideration was recently denied, ECF No. 208.

judgment that merely acknowledge[s] the violation of his rights," monetary damages of "2 million dollars for the three FTCA battery claims" and, "if applicable[,] nominal [and] punitive damages." *See* ECF No. 205 at 1, 30.[6]

In effect, Mr. Mohamed appears to request the proposed amendment to add back the *Bivens* claims from the Second Amended Complaint that were resolved in defendants' favor in the order granting judgment on the pleadings, ECF No. 199. He also apparently seeks to re-assert his requests for injunctive and declaratory relief. Because there is no reason that Mr. Mohamed could not have presented the content of the proposed Third Amended Complaint in the earlier amendment, and because these two grounds for a proposed amendment are futile, the Court denies the motion for leave to amend. The operative complaint contains sufficient allegations for Mr. Mohamed to pursue the remaining FTCA claims against the United States, which provide the possible remedy of money damages.[7]

1. **Untimeliness**

Defendants maintain that the motion for leave to file a Third Amended Complaint should be denied because it is untimely. *See* ECF No. 209 at 1. They note that "[t]his case has been pending for approximately four and a half years," that Mr. Mohamed "has previously amended his complaint twice," and that he now "provides no reason why he could not have included [any]

---

[6] The Court interprets Mr. Mohamed's proposed complaint liberally and thus gives effect to the relief requested at page 30 of the proposed amended complaint, which includes a request for money damages. *See* ECF No. 205 at 30. But Mr. Mohamed describes the proposed amendment as "limit[ing] his requests for relief to[] the injunction that would require the government . . . to treat his ankle[] and declaratory judgment that merely acknowledge[s] the violation of his rights." ECF No. 205 at 1. It seems that perhaps providing plaintiff the medical care he seeks would offer an opportunity to settle this dispute.

[7] In addition, the parties remain free to include medical care as a term of settlement if they choose to do so.

additional allegations or claims in the three previous versions of the complaint." ECF No. 209 at 1–2. Mr. Mohamed appears to argue that the motion for leave to amend here is not untimely because the Court ruled recently that the defendants' motion for judgment on the pleadings was not untimely. *See* ECF No. 205 at 1 (citing ECF No. 199 at 5) (concluding that "defendants ha[d] not engaged in excessive delay" in filing their Rule 12(c) motion and therefore finding "no basis to decline to consider the motion").

But the motion here under Rule 15(a)(2) is governed by different standards regarding timeliness than was the motion under Rule 12(c). As the Court observed in its order on the motion for judgment on the pleadings, courts may "refuse to consider Rule 12(c) motions filed after discovery has closed and dispositive motions have been filed." ECF No. 199 at 4 (citing, e.g., *S.E.C. v. Wolfson*, 539 F.3d 1249, 1265 (10th Cir. 2008)). By contrast, courts may deny leave to amend under Rule 15(a)(2) on untimeliness grounds "'when the party filing the motion has no adequate explanation for the delay,'" such as when the movant "was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Warnick*, 895 F.3d at 755 (quoting *Minter*, 451 F.3d at 1206). Because the two are governed by different standards, the Court's ruling on the timeliness of defendants' motion for judgment on the pleadings does not compel the same ruling on the timeliness of Mr. Mohamed's motion for leave to amend.

The Court is not convinced that the Third Amended Complaint differs from the operative complaint in any meaningful way. But to the extent that—as defendants believe— Mr. Mohamed seeks to add new constitutional claims, there is no reason he could not have presented those claims in an earlier version of the complaint. There has been no change in law that would affect the viability of section 1983 claims against the officers, and Mr. Mohamed does not

9

suggest that the limited discovery that has so far taken place has created new allegations or warranted other factual amendments to his prior allegations. Furthermore, to the extent that the proposed amendment seeks to add back the previously asserted *Bivens* claims, there has been no change in law that warrants the proposed amendment. The only changes in law that have occurred during the pendency of this lawsuit have resulted in the grant of judgment on the pleadings for defendants on the nine *Bivens* claims.

Because there is no indication that Mr. Mohamed has "learn[ed] new information through discovery" or that "the underlying law has changed" to warrant the proposed amendment, Mr. Mohamed has not shown good cause for a delayed amendment under Rule 15(a)(2). *See Gorsuch*, 771 F.3d at 1241. This alone is sufficient ground to deny leave to amend, regardless of whether the amendment would seek to essentially re-instate the previous complaint or would add new constitutional claims. *See Duncan*, 397 F.3d at 1315 ("[U]ntimeliness alone is an adequate reason to refuse leave to amend.").

### 2. **Futility**

Futility is a separate ground to deny leave to amend here. First, to the extent that the proposed amendment would add back the nine *Bivens* claims resolved in ECF No. 199, the amendment would be futile because those claims "'as amended, . . . would be subject to dismissal.'" *Johnson*, 97 F.4th at 1232 (quoting *Full Life*, 709 F.3d at 1018); *see also* ECF No. 209 at 2 (arguing that the "requested amendments would be futile" in part "because the Court has already dismissed many of the same constitutional claims Plaintiff now seeks to re-assert"). As the Court explained in the order granting defendants' motion for judgment on the pleadings, Tenth Circuit precedent forecloses a *Bivens* remedy for the conduct alleged in the operative complaint and in the proposed Third Amended Complaint. Because the proposed amendment

would not change the fact that those claims are no longer cognizable, to permit the amendment would be futile. *See Chilcoat*, 41 F.4th at 1218.

Likewise, to the extent that Mr. Mohamed seeks to re-assert a request for declaratory and injunctive relief in the proposed Third Amended Complaint, an amendment to that effect would also be futile. The only claims remaining are the FTCA claims against the United States. Though the FTCA permits recovery of damages, it does not provide for declaratory or injunctive relief. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir.2005) (holding that "the district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief," because the statute recognizes only the jurisdiction of district courts over all civil actions on claims against the United States, "for money damages, . . . for injury or loss of property, or personal injury or death"); *see also Harrison v. United States*, 329 F. App'x 179, 181 (10th Cir. 2009) (unpublished) (citing *Estate of Trentadue* and concluding that the plaintiff's "claims for injunctive and declaratory relief cannot be brought pursuant to the FTCA"). The operative complaint already contains a request for damages under the FTCA. ECF No. 64 at 30 (stating a request to "award me 2 million dollars against the U.S." for "tort claims"). Therefore, no amendment is necessary for Mr. Mohamed to pursue the relief available under the remaining FTCA claims.

In short, Mr. Mohamed's proposed amended complaint would be futile because the *Bivens* claims he seeks to add are not cognizable, and the declaratory and injunctive relief he seeks as remedies are unavailable under the FTCA. The Court has already ruled on the viability of the *Bivens* claims and Mr. Mohamed's request to reconsider. To essentially *re*-reconsider those prior rulings would not be a useful exercise. Though injunctive and other equitable relief are not available as potential remedies, Mr. Mohamed may still pursue money damages under the

remaining FTCA claims (as set forth in the operative complaint), or he may negotiate other terms as part of a settlement agreement.

## ORDER

For the reasons above, the motion for leave to amend, ECF No. 205, is DENIED.  The parties are directed to confer and then to contact Chambers to obtain a trial date.  The Court recommends that before doing so, they explore whether a reasonable settlement ending this case might be possible that this point.

DATED this 14th day of February, 2025.

BY THE COURT:

_____

R. Brooke Jackson
Senior United States District Judge