IN THE UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

---

ORDER ON PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF MOTION FOR LEAVE TO AMEND

---

Khalfan Khamis Mohamed seeks reconsideration of this Court's denial of his most recent motion to amend his complaint. The Court has reviewed his motion, ECF No. 214, and the defendant's response, ECF No. 222. The Court finds that further briefing will not be helpful and exercises its discretion to rule without a reply brief. *See* D.C.COLO.LCivR 7.1(d). The motion is DENIED.

## BACKGROUND

The Court has described the background of this case multiple times in previous orders. Briefly, Mr. Mohamed alleges that on August 23, 2018, while he was an inmate at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado, he was assaulted by prison guards; and that the ADX medical staff did not provide adequate medical care for the injuries he sustained. He filed this suit in 2020 seeking damages against the United States pursuant to the Federal Tort Claims Act ("FTCA") and damages and injunctive relief against eight ADX officers pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 64 (Amended Complaint).

The case has a fulsome history, including voluminous motions practice.[1] I initially denied defendants' motion to dismiss plaintiff's *Bivens* claims, and his motion for reconsideration of that order. ECF Nos. 120 and 150. Defendants' interlocutory appeal of those orders was dismissed by a 2-1 vote for lack of appellate jurisdiction. *Mohamed v. Jones,* 100 F.4th 1214 (10th Cir. 2024). Defendants then took the somewhat unusual step of moving for judgment on the pleadings. Having reviewed Judge Tymkovich's dissent in *Mohamed v. Jones,* and the other points and authorities cited in the motion for judgment on the pleadings, it was apparent to me that plaintiff's *Bivens* claims as alleged had no viable future in this Court. Ultimately, I granted defendants' motion for judgment on the pleadings, dismissing the *Bivens*

---

[1] Because Mr. Mohamed has represented himself, the Court has construed his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has twice tried but failed to find a volunteer lawyer to represent him on a pro bono basis.

claims. ECF No. 199. Mr. Mohamed sought reconsideration, which I declined for reasons set forth in my order denying his motion. ECF No. 208.

Then Mr. Mohamed moved to amend his complaint (again), essentially to refile his *Bivens* claims but only in support of injunctive and declaratory relief and to add a prayer for $2 million in damages on his FTCA claim against the United States. I denied the motion to amend, again for reasons set forth in a written order. ECF No. 210. The pending motion seeks reconsideration of that order.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not address motions for reconsideration as such. Rule 59(e) provides for a "motion to alter or amend [the] judgment" under certain circumstances, and it is the peg on which motions for reconsideration are often hung. However, as I noted in ruling on Mr. Mohamed's previous motion, "a motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). "The decision to grant reconsideration is committed to the sound discretion of the district court." *Id*. In exercising that discretion, "courts consider whether there has been an intervening change in the [controlling] law, new evidence, or the need to correct clear error or to prevent manifest injustice." *Id.* A motion to reconsider is not to be used to "reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding." *Jaffrey v. Portercare Adventist Health Sys.*, No. 15-cv-02297-NYW, 2017 WL 3437986, at *2 (D. Colo. Aug. 10, 2017).

## ANALYSIS

Plaintiff has brought no relevant new law to my attention, and I am aware of none. The only new evidence relevant to the case has been identified in the United States' response brief,

which I will discuss below, but it cuts against Mr. Mohamed's position. The issue, therefore, is whether reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. I conclude that it is not.

Plaintiff suggests that the Court misunderstood that the reason he wishes to reinstate his *Bivens* claims is to obtain injunctive and declaratory relief, namely, to obtain an order requiring defendants to arrange for an examination of his injured right ankle by an orthopedic specialist (which, he speculates, will result in surgery on the ankle). That is not new to this case or this Court. He has been seeking injunctive relief at least since his [Second] Amended Complaint was filed. *See* ECF No. 64 at 3, 30. He expressly requested an "injunction order to Jones, Huddleston and Osagie (claim 8-10, offic. capacities) to arrange immidiatelly for me to be examed by an expert in broken bones, and follow his recommendation on treatment, including suggery." *Id.* at 30. [sic].

However, reinstatement of his nine *Bivens* claims makes no sense. He plainly does not have a *Bivens* claim for excessive force. As for medical care, I will assume *arguendo* that a federal inmate might in some circumstances be able to obtain a mandatory injunction in a *Bivens* action requiring individual officers to provide medical care notwithstanding *Egbert v. Boule,* 596 U.S. 482 (2022) and its progeny. Even if Mr. Mohamed could assert a plausible *Bivens* claim for the injunctive relief he seeks, his proposed [Third] Amended Complaint does not do it.

The proposed amended complaint continues to name the two nurses and one physician's assistant who treated him at ADX in 2018. He acknowledges that in August 2018 his ankle was x-rayed, and the x-ray was examined by an orthopedist. He was diagnosed with an acute ankle fracture; and he was provided a splint, hard cast, and wheelchair. A second x-ray was taken as well. He alleges that the two nurses and the physician's assistant whom he named as defendants

in this case did not provide adequate pain management or timely replacement of his deteriorating cast. *See* ECF No. 205 at 19-20 (¶¶87-94). "The only 'treatment' I was provided between "9-4-2018 the day of my diagnosis and 4-23-2019 was one time ice bag and 14 ibuprofen tablets given to me on 12-6-2018." *Id.* at 19 (¶88). On April 23, 2019, a doctor (Oba) prescribed pain medicine and a compression garment for the swelling of the ankle. *Id.*

Plaintiff's complaints about the pain medication and cast care provided by the named medical defendants during that timeframe are relevant to his FTCA claim against the United States, but they do not support injunctive relief against those individuals now. He is now housed in a different Florence institution: USP-High. There is no indication that those individuals are involved in his care now, nor that any of them is in a position to arrange for an orthopedic examination now. Therefore, his proposed amendment would be futile. Before he could pursue a claim against current medical personnel, Mr. Mohamed would have to exhaust his administrative remedies; restructure his complaint to state a claim again his current providers; and effectively start a new case with new motions practice, discovery, etc. He has not proposed such an amendment, and I conclude that it is too late to do so in the present case.

Moreover, the injunctive relief he wants appears to be unnecessary. In a minute order requesting a response by the United States to the pending motion, I added the following comment:

> The Court is also curious as to why the defendants have not or cannot moot this saga by having an orthopedic surgeon examine the ankle. The Court is aware that the ankle was examined, treated, and declared to be healed previously. The claim is that the ankle has not in fact healed to maximum medical improvement, and that an examination by a qualified specialist would reveal that and recommend further treatment.

5

ECF No. 217.[2]

In response to the Court's question, the United States described the examinations and treatment of Mr. Mohamed's ankle and right leg that have taken place during the last three years. ECF No. 222 at 9-11. Notably, this included an examination that took place on March 21, 2025:

> Medical staff ordered an x-ray of his ankle, renewed his prescription for an anti-inflammatory medication and the lidocaine patch, and also prescribed Tylenol. The x-ray of Plaintiff's ankle confirmed that the previous fracture is healed, there is no current fracture, and there is no joint malalignment. Nevertheless, in light of Plaintiff's report on ongoing pain, medical staff have put in a request for Plaintiff to be seen by a local orthopedist who occasionally visits the prison complex. The BOP anticipates that the appointment will take place in the next several weeks, when the orthopedist next visits the facility.

*Id.* at 11.

Taking the United States at its word, Mr. Mohamed will receive the new examination by an orthopedic specialist that he seeks. The examination might not take place as quickly as he wishes; and if it is not provided within a reasonable time, I am sure that the Court and the defendant will be hearing from him. But as a practical matter, it appears that he does not need a mandatory injunction to achieve his goal of a reexamination of his ankle by a specialist.

As noted, plaintiff's proposed amended complaint also would add a specific prayer for $2 million in damages against the United States pursuant to his FTCA claim. That amendment is unnecessary. If he establishes liability under the FTCA, the Court will make a fair and appropriate monetary award based on the evidence admitted at trial.

---

[2] In the minute order I also asked the United States to address whether Mr. Mohamed might have a § 1983 claim for a mandatory injunction requiring an examination by an orthopedic surgeon. *Id.* In response the defendant reminded the Court that federal inmates cannot bring actions under § 1983. That is why *Bivens* claims were born. I stand corrected.

## ORDER

Plaintiff's motion for reconsideration, ECF No. 214, is DENIED. Plaintiff's duplicative motion for reconsideration, ECF No. 215, is likewise DENIED.

DATED this 23rd day of April, 2025.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge