IN THE UNITED STATES DISTRICT COUR
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

JONES,
HUDDLESTON,
OSAGIE,
BRUSH,
ESPINOZA,
MILLER,
LT. MURTON,
LT. ARMIJO, and
UNITED STATES OF AMERICA,

    Defendants.

ORDER ON PENDING MOTIONS

Plaintiff Khalfan Khamis Mohamed has filed two sets of written discovery which are listed as "motions" in the electronic file (ECF Nos. 218 and 219); a motion to compel discovery (ECF Nos. 227); and a motion for leave to submit 15 additional interrogatories (ECF No. 228). The United States, which is the sole remaining defendant in this case, has filed responses to the motion to compel (ECF No. 231) and the motion for leave to submit 15 additional interrogatories (ECF No. 230). In addition to those documents the Court has reviewed defendant's response to plaintiff's first set of written discovery (ECF No. 227-1); the amended complaint (ECF No. 64);

1

and orders issued by this Court and the United States Court of Appeals for the Tenth Circuit in this case.

## BACKGROUND

Mr. Mohamed, a BOP inmate representing himself, filed claims against the United States and eight individual prison employees arising from allegedly excessive force applied to him on August 23, 2018, and medical care provided in relation to the incident. *See* ECF No 64. After years of litigation in this Court and the Tenth Circuit, what remains are three claims against the United States alleging batteries in violation of the Federal Tort Claims Act: Claim 11 concerning force applied near Cell 108; Claim 12 concerning force applied on the way to an observation cell; and Claim 13 concerning force applied in the observation cell. *Id.* at 24. These claims are scheduled to be tried to the Court beginning September 8, 2025.[1] A trial preparation conference will be held remotely on August 5, 2025, at 9:00 a.m.

## FINDINGS and CONCLUSIONS

The Court finds that oral argument would not assist the Court in resolving the pending motions. ECF Nos. 218 and 219 are discovery papers, not motions requiring rulings by the Court. With respect to plaintiff's motion to compel, the Court accepts the defendant's representation that all responsive information in its possession, custody or control has been provided to the plaintiff. While Mr. Mohamed believes that there must be more, the defendant's response persuades the Court that his speculation is unfounded. With respect to plaintiff's request to submit 15 additional interrogatories, the Court for the most part agrees with the

---

[1] A minute order in the file states that a jury trial was set for the week of September 8, 2025. ECF No. 226. That is a clerical error. FTCA claims are trial to the court. 28 U.S.C. § 2402. *See, e.g., Engle v. Mecke,* 24 F.3d 133, 135 (10th Cir. 1994).

defendant that the information requested is not relevant to the three remaining claims. Specifically, the Court finds:

- Where the 19 witnesses identified by the defendant were located before the incident is not reasonably probative as to whether excessive force was applied to Mr. Mohamed by any of them (Interrogatories 1-2).

- Whether any of those individuals possessed weapons or other devices is not reasonably probative of whether excessive force was applied when there is no claim that any such objects were used against the plaintiff (Interrogatory 3);

- When and where Lt. Rudd was when he learned about the use of force is not reasonably probative of whether excessive force was applied, particularly given that Lt. Rudd has not been accused of participating in any application of force (Interrogatories 4 and 5);

- The number of times Mr. Mohamed has been escorted to a staff member's office from 1999 to date is not reasonably probative of whether excessive force was applied to him on August 23, 2018 (Interrogatory 7);

- Details about the camera used to videotape the medical assessment is not reasonably probative regarding the excessive force claim (Interrogatories 8-10); the videotapes potentially are relevant, but defendant represents that they have been made available to Mr. Mohamed;

- The defendant has confirmed that it has taken no depositions other than plaintiff's deposition (Interrogatory 13;

- The defendant has stated that it provided the information requested in Interrogatory 14 in response to a previous request for production;

3

- In his amended complaint Mr. Mohamed alleged that on August 23, 2018, he was in the law library and was in a weakened state due to his ongoing hunger strike. Officer Brush told him that Lt. Armijo wanted him to remove his personal clothing and put on BOP-provided khakis. Mr. Mohamed asked to speak with Lt. Armijo. Shortly thereafter, Officer Brush told Mr. Mohamed that Lt. Armijo wanted him to be brought to Armijo's office. Mr. Mohamed, fearing that he would be beaten in that office, told Officer Brush that Lt. Armijo could come to his cell and speak with him. The incident in question began when Mr. Mohamed was being escorted back to his cell. *See* ECF No. 64 at 8. Interrogatory 15, perhaps motivated by those allegations, asks defendant to indicate "how often the BOP's employees forcefully move inmates from one area of a prison to another area, or otherwise use force in order to get an inmate [to]participate in conversation with a staff member." ECF No. 28 at 3. The interrogatory does not appear to be relevant. Plaintiff has not alleged that excessive force was applied to get him to participate in a conversation with Lr. Armijo or another staff member. In any event, the interrogatory is so overly broad that it is not proportional to the needs of the case.

However, the Court finds that interrogatories 6, 11 and 12 are relevant and are not unreasonably burdensome.

**ORDER**

1. ECF Nos. 218 and 219 are DENIED only in the sense that they should not have been denominated as motions in the electronic file. They are discovery papers that do not require Court action.

2. Plaintiff's motion to compel discovery, ECF No.227, is DENIED.

3. Plaintiff's motion for leave to submit 15 additional interrogatories, ECF No. 228, is GRANTED IN PART AND DENIED IN PART.  It is granted as to proposed interrogatories 6, 11 and 12.  Otherwise it is denied.

DATED this 14th day of July, 2025.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge