IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 14 2025

JEFFREY P. COLWELL
CLERK

Mohamed v. Jones et al. No. 20-cv-02516-RBJ-MDB

PLAINTIFF'S MOTION TO ATTEND TRIAL IN PERSON

Plaintiff files this motion asking the court to allow him to attend the trial and represent himself at the court room in person. The court set the trial in the week of 9/8/2025. Doc. 226.

Argument

"Although a prisoner has no absolute right to attend the trial of his civil action, the plaintiff in person appearance at the trial" may be "favored in light of the" specific "existing circumstances". See Jordan v. Pugh, 448 F. supp. 2d 1185, 1186 (Dist. Colo. 2007). In the cited case, a court in this district had originally allowed an Adx prisoner to attend his civil trial in person even though he was already represented by a counsel, newly appointed, with law students. Id at 1187. The court only, later on, changed its original decision because by then the Adx prisoner had been "ably represented by counsel for more than one year" and trial had been set to be "the bench trial". Id.

Unlike the prisoner in Jordan, plaintiff here has been proceeding in this court for over four years and now is to go to trial as pro se litigant. Moreover, the trial here is a jury trial. The alternative to plaintiff's in person attendance will be likely video conference one. But there exist good reasons as to why plaintiff should be allow to present his case in person instead through the video conference. These reasons include:

1. Appearance through video conferencing has been found by the courts to be "not the same as a trial where the witnesses testify in the same room as the jury" and the video proceeding" have their shortcomings. See Thornton v. Snyder, 428 F.3d 690, 697-98 (7th Cir. 2005).

2. The video conference attendance will necessarily deprive plaintiff and the jury to vital opportunities here; for plaintiff to directly present and argue his case, and for the jury directly see, feel and measure plaintiff's expressions and demeanors before the jury decide the case. In this case the government maintains that whatever force used against plaintiff on 8-23-2018 by the BOP's staff and whatever injury plaintiff sustained therefrom, were caused by plaintiff's own misbehavior; resisting the staff and attempting to assault them. The jury will certainly directly see these same staff and hear their side of story... Plaintiff should be given the same opportunity

1.

to present his side directly to the same jury, and the jury should be allowed to directly see plaintiff and hear from his as they saw the BoP's staff and heard from them.

3. Video conferencing will further complicate plaintiff's case and unfairly make it much harder to prove. That's because it will limit plaintiff's ability to communicate with jury and others involved at the court room. Plaintiff is required to present his case including questioning government's witnesses... in English language; a complete foreign to plaintiff. (who dropped from school in his county two years before the high school Graduation) while plaintiff speaks some English, he's not a good communicator. His inability to communicate well, however, will be less impacting his case if he's in the same court room with the jury and all others involved.

4. Video conferencing will also impact plaintiff's ability to make timely objections, timely approach the court's chambers should it be necessary... and effectively cross exam government's witnesses. All those will result in to an unfair advantage for the government over plaintiff and his case.

5. Video conferencing will also impact plaintiff's own and lone testimony. Plaintiff will not have any other witness to testify in support of his case. He's the only witness he has. This single testimony shouldn't be restricted by video conferencing while at the same time the government gets all of its witnessed into the court room.

**Plaintiff will not pose Any security issue. Other wise, the court may use its Authority to issue Appropriate Penalty it sees Fit:**

Plaintiff's goal is only to defend his claims. He has no other, otherwise secret plans or an appropriate intention. Moreover, within past four years or so, plaintiff has been escorted to community hospitals in at least four or five different occasions. That took place successfully and peacefully. Further more; since Nov 2023, plaintiff was transferred from the Super Max Adx to here, B/A unit, U.S.P High. Since that time, plaintiff has been interacting with both fellow prisoners and staff; all staff, directly and without restraints on him and with no barrier between him and the staff... These interactions, occasionally occurs in rooms where only plaintiff and staff member are present (such as medical and psychological meetings). On 7.3.2023 the government here took plaintiff's deposition. That took place at a place where plaintiff and government's counsels and others sat around a single table for several hours... Plaintiff was not restrained nor was he made to wear a stun belt...

2.

Finally, this court has full authority to impose any appropriate penalty or sanction on plaintiff, including dismissing this case, should plaintiff intentionally abuse or misuse his presence at the court room during the trial or during the transport/escort to or from the court.

## Conclusion:

For the above stated reasons, plaintiff asks the court to allow him to attend the trial on person in a manner that he will be able to adequately present and defend his claims.

Dated: July 9, 2025.

Khalfan Kh. Mohamed
USP Florence, Box 7000
Florence, Co 81226

Khalfan Kh. Mohamed
s/ Mohammed

## CERTIFICATE OF SERVICE

I, Khalfan Khamis Mohamed, hereby certify that on 9.7.25 have mailed my motion "to Attend trial in person" addressed to:
Office of the clerk
U.S.D.C, 901-19th st. Room A 105
Denver, Co 80294-3589

Dated: 7-7-2025.

Khalfan Kh. Mohamed
USP-Florence, Box 7000
Florence, Co 81226

Khalfan Kh. Mohamed
s/ Mohamed

Khalfan Khi Mohamed #44623-054
U-S-P- High, Box 7000
Florence, CO 81226



DENVER CO 802

10 JUL 2025  PM 8  L

Legal mail

Office of the Clerk
United States District Court
901-19th st, Room A 105
Denver, CO 80294-3589

80294-250151

---

*(reverse/show-through text, inverted)*

addressee, please return the enclosed to the above address.
if a writer encloses correspondence for forwarding to another.
to return the material for further information or clarification.
... problem over which there ... you may
been opened ... or ... a question
procedures for ... The letter was neither
T... enclosed ... mailing

DATE:   JUL 07 2025

FED ... PRISON CAMP
P.O. BOX ...
FLORENCE COLORADO 81226

Legal mail