IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 14 2025
JEFFREY P. COLWELL
CLERK

Mohamed v. Jones et al, No. 20-cv-02516-RBJ-MDB.

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff files this motion seeking to exclude **three** matters that're inadmissible, irrelevant, or prejudicial to material issues in this case. If the government injects these matters in this case through its attorneys, witnesses, or various documents/records, it'll cause irrepearable harm to plaintiffs' case that no jury instruction would cure. If any of these matters are brought to the jury's attention, plaintiff will be compelled to move for mistrial. In effort to avoid prejudice and possible mistrial, plaintiff files this Motion. See Edens v. Neth. Ins. Co., 834 F.3d 1116, 1130 (10th Cir. 2016) ("Motion in Limine" is "a pretrial request that certain inadmissable evidence not be referred to or offered at trial").

### A. The Three Matters That Should be Excluded and Their Respective Grounds:

**1. Plaintiff's Criminal Case/Conviction with Any Document & Record That Include the Criminal Case, Charges & Conviction:** See U. States v. Bin Laden, 156 F.Supp. 359 (S.D.N.Y. 2001). That's; any evidence, document, argument, or statement related to plaintiff's criminal case, cited above, should be excluded. Plaintiff was convicted more than 10-years ago (actually; 24-years ago), and the probative value of admitting the listed materials does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 609(b)(1).

The BOP's records contain a lot of references, often erroneously exaggerated*, related to plaintiff's criminal case, charges, and conviction. An example of these documents are the records prepared by psychology staff. Plaintiff himself will certainly need some of these documents as exhibits at the trial. Plaintiff hereby, therefore, **requests** that the Court will either instruct the government to provide plaintiff with redacted version of these documents; or the court instruct the government to allow plaintiff to redact these criminal case references from the already provided documents before plaintiff submits them as exhibits.

Finally, the government also should do the same; if need to introduce any BOP's record with criminal case reference, it should be instructed to redact that reference before presenting the documents to the jury or witnesses.

---

*This includes, f.e.: BOP's statement that plf was charged & convicted for both 1998 bombings in Kenya and Tanzania; resulted into 220+ murders. In reality though; plaintiff was only charged and convicted for the Tanzania bombing where 11-people lost their lives.

1.

2. Plaintiff's BOP Adverse Disciplinary Records with Any Document That include such record: This is specifically so with two disciplinary infractions; Prohibited act, code 110 (2001); And Prohibited acts code: 100A, 104, 107A, 224 & 204 (2004)(These alleged prohibited acts have actually occurred in Nov. 2000, but the BOP, contrary to its own policy guidance, delayed the disciplinary process until 2004). Each of these alleged act occurred more than 10-years ago (actually: 23 and 25 years ago), and the probative value of admitting these records does not substantially outweigh its prejudicial effect. See Fed. R. Evid. 609 (b)(1).

Here also, the BOP's records contain the above disciplinary records. As plaintiff has requested above, the court should instruct the government to redact any record regarding the above listed infractions that may be in a document before the government present such document to the jury or witnesses. Moreover, the government should either provide plaintiff a redacted version of these documents or allow plaintiff to redact the record at issue before he submit the documents that he's already been provided as an exhibit.

3. Plaintiff's Pre Aug. 23, 2018 Mental Health Records: That's the records of plaintiff diagnoses and treatments on his mental conditions before he was allegedly assaulted by the BOP staff on 8-23-2018. Plaintiff was initially diagnosed in 2009 or so and then received some treatments for mental health. The available record show that prior to the Aug. 23, 2018 assault, plaintiff's mental conditions were "resolved". Between 2019 and 2022, plaintiff was diagnosed with several mental conditions, at least some of them, directly as a result of the 2018 assault. The old (2009) diagnosis has no bearing on plaintiff's post 8-23-2018 mental conditions. Any such record would unduly prejudice the plaintiff. See Fed. R. Evid. 401-403.

B. The Necessity of Early Court's Ruling on These Matters:

Plaintiff requests that the court will rule on this motion at the court's earliest convinience. That's because plaintiff, un trained pro se litigant, needs time to prepare on how to introduce these matters himself at the opening statement, in the event this motion is denied.

C- Conclusion:

For these reasons, the court should ask the government not to introduce the listed matters through any manner to the jury before obtaining court's permission.
Dated: July 7, 2025
Khalfan Kh. Mohamed, U.S.P. Box 7000          S/ Mohammed

CERTIFICATE OF SERVICES
I, Khalfan Kh. Mohammed, hereby certify that on 7-7-25 have mailed my mot in limine to: Office of the clerk, U.S. D.C. 901-19th St. Room 105, Denver CO 80294-3589
Dated: July 7, 2025          S/ Mohammed

Khalfan Kh. Mohamed #44623-054
U.S.P. High, Box 7000
Florence, CO 81226

Legal mail

DENVER CO 802
10 JUL 2025 PM 8 L

Office of the Clerk
United States District Court
901-19th St., Room A 105
Denver, CO 80294-3589

80294-250151

Legal mail