FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 08 2025
JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Mohamed v. Jones et al, No. 20-cv-02516-RBJ-MDB

PLAINTIFF'S MOTION FOR COURT-APPOINTED EXPERT WITNESS

Plaintiff (plf) files this motion to respectfully ask the court to appoint an independent, neutral expert to assist the court to resolve parties disputes over certain evidence, namely: the two available videos generated from the ADX surveillance cameras.

THE ISSUES:

First: The Ambiguity Of the Two Videos: As plf. alleged on his complaint, doc. 64 at 84, he was assaulted, on 8-23-18, for perhaps 15-minutes (actually, following the revelation of discovery, it's 20 or more minutes). However, only 3-4 minutes of that was apparently captured by the cameras. The two videos provided to plf. that purport to show the portion of the alleged assault from A-Range Lower, C-unit, are not all obvious or clear. Plf. suspects that the lack of clearance may have been caused by an intentional tempering with the videos so their contents can be disputed or even used against plf. In any event, the videos present hardship in determining what's really going on within those early few minutes of the alleged assault against plf. Plf. believes that an expert's assistance should be able to enhance the videos, without destroying or tempering the originals, and therefore enable the court to make better informed conclusion therefrom. The expert may also explain to the court what the videos show and whether have been tempered with.

1

<u>Second: The Parties Disputes over what the video Purport to show and Parties' Failure to Jointly work to Resolve the Ambiguity:</u> Plf. and the govt. completely differ over what the videos appear to show. On plaintiff's side, he acknowledges that the videos do not clearly support some of his allegations; due to lack of clarity on the videos. Plf' acknowledgement, however, does not mean that he acknowledges that the videos support govt's side of the event. And that's the govt's side. The* govt. incorrectly construes the videos in a way that; they support every part of govt's/BOP's story, while at the same time, they negate every plf's allegation. Per that interpretation, the govt. asserts that: the videos shows that on 8-23-18 the use of force; necessary, not excessive force, was used on plf. because plf attempted to pull away from escorting staff; he then continued to resist staff..., even though was fully restrained, for about 20-minutes... The videos shows, the govt. says, due to plf's resisting, staff fall on him (hence, caused injuries)..., and lastly, the videos show nothing of plf's allegations...; no one punched or kick him, no one used unnecessary force... etc. Plf of course, disputes govt's interpretation of the videos. And because no honest person can reach to such govt's conclusion after viewing the two videos; the court should first review the videos and then appoint a qualified, neutral expert to work on them.

Finally here; plf has reached to the govt. suggesting, among other things, that he believe might help to resolve some important disputes, that the parties jointly request the court to appoint a neutral expert to enhance the videos and if needed explain to the court... The govt. failed

*With this motion, plf. today files Mot. to exclude expert witnesses. With that Mot; govt's disclosure in which Capt. Sturgill incorrectly construes the videos in the above manner

· 2 ·

to respond, so far.

<u>Third: Plf Does Not Possess the videos</u>: Per the protective order issued by the Court, plf is not allowed to have in his cell the videos in question here as well as other important documents on the case. For that reason, plf is unable to attach the two videos with this motion for the Court's review. Therefore, plf respectfully asks the court to instruct the govt. to provide the Court with the videos.

<u>Fourth: Plaintiff's Pro se Indigent Statuses Should be Considered by the Court to Avoid Unfair Prejudice</u>: Plf. is proceeding pro se with no financial means to hire an attorney or necessary experts. He asks the court to consider these two obstacles face plf and the potential unfair prejudice to plf should the trial be held without the assistance of the requested expert to this court.

<u>Argument</u>:

Rule 706 of FRE gives the Court full power to appoint the requested expert. It says in the relevant part:
"The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to work." Because plf is a pro se with no ability at this late time to found out about experts, the court should appoint the expert of its own choosing.

While the court's appointment of an expert may be rare, the conditions of this case call for such appointment. <u>See Alverson v. Workman, 595 F.3d 1142</u>, 1151 (10th Circ. 2018) ("Before a defendant may qualify for

3.

a court-appointed expert assistance, he must make a showing of need and show that he will be prejudiced by the lack of expert assistance). See also Ray v. Unum Life Ins. Co. of Am., 314 F.3d 482, 488 (10th Cir.) (Remanding the case to district with instruction that the court would "consider such additional evidence... as it finds necessary... including court-appointed expert reports if it determines them helpful"; Rachel v. Troutt, 820 F.3d 390, 397-98 (10th Cir. 2016) (Some courts treat "the power of appointing an expert as "the exception and not the rule" limiting it "to the truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute..."); Stevenson v. Windmoeller & Hollscher Corp., 39 F.4th 466, 469 (7th Cir. 2022) (The purpose of a a court-appointed expert is to assist the court in evaluating the evidence or deciding a fact in issue). Regarding the funds and cost necessary, the seventh Circuit in Ledford v. Sullivan, 105 F.3d 354, 361 (7th Cir. 1997) said concerning the district court's early decision " When the district court stated that no funds existed to pay for the appointment of an expert, it failed to recognize that it had the discretion [under FRE 706(b), now FRE 706(c)] to apportion all the costs to one side... <u>Read in such a restrictive way, Rule 706 (b) [Now Rule 706(c)] would hinder a district court from appointing an expert witness whenever one of the parties is indigent, even when that expert's testimony would substantially aid the court</u>") (Emphases added)

Here, as stated earlier; the evidence are not clear. At the same time, the govt. incorrectly forces the two videos to support its side of the events... Plf disputes every part of govt's interpretation of the videos.

4.

Because per any honest reviewer, the videos are ambiguous, the court needs an independent, neutral, qualified expert to work on the videos and if necessary inform the court of his conclusion...etc.

Furthermore; there's real possibility here that the lack of the requested expert will be prejudicial to pet. Pet. is not only an indigent pro se litigant, but also he lacks language skills to clearly explain all the events surrounding the alleged assault of 8-23-2018 against him. He specifically lacks any knowledge concerning how the surveillance cameras and videos work...etc.

Finally, unlike the issue of appointing a counsel; here, it appears that this court has full power not only to promptly appoint the requested independent expert, but also to provide any necessary cost for such appointment from the govt.

### Conclusion:

For the above stated reasons, the court should appoint a qualified, independent and neutral expert to assist the court in the manner detailed above and as the court sees fit.

Aug. 4, 2025

Khalfan Kh. Mohamed, USP. High, Box 7000

Florence CO, 81226

/s/ mohamed

### Certificate of Services

I, Khalfan Kh. Mohamed hereby certify that on 8-4-2025 have mailed my Mot. for appointment of expert to: U.S.D.C, 901-19th St Room A105, Denv., CO 80294

Khalfan Kh. Mohamed, USP. High, Box 7000

Florence, CO 81226

/s/ mohamed

EXH: 2

## DECLARATION OF MAILING:

I, Khalfan Kh. Mohamed, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statement is true and correct:

On Monday, Aug. 4, 2025, I have submitted for mailing my, (1) Motion to exclude expert witnesses, along with the attached exh., and (2) my motion for Court-appointed expert. Both, in a single legal mail, submitted to the appropriate staff member, with sufficient postage stamps for first class mail, addressed to:

Office of the Clerk, U.S.D.C.,
901-19th St; Room A 105,
Denver, Co 80294-3589


Aug. 4, 2025
Khalfan Khamis Mohamed
U.S.P. High, Box 7000
Florence, Co 81226

/s/ Mohammed

Khalfan Khamis Mohamed #44623-054
U.S.P. High, PO Box 7000
Florence, CO 81226

legal mail

Office of the Clerk,
United States District Court
901-19th St., Room A 105
Denver, CO 80294-3589

legal mail

legal mail

FEDERAL PRISON CAMP
P.O. BOX 7500
FLORENCE, COLORADO 81226

DATE: AUG 07 2025

**SPECIAL/LEGAL MAIL**

The enclosed ... was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Legal mail