DOC's ENCLOSED:

1. Plf's Motion to Exclude Expert Witnesses, W/ Exh/
Attach 1 (Defendant's Discl. of Expert Witness.

2. Plf's Motion for Court-Appointed Expert.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 08 2025

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Mohamed v. Jones et al. No. 20-CV-02516-RBJ-MDB

## PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESSES

On July 28, 2025 Plaintiff (plf) received government (govt's) "disclosure of expert Witnesses pursuant to Fed. R. Civ. P. 26(a)(2)". The document dated July 25, 2025, and lists three "experts" to testify at the trial that is scheduled to begin in the week of Sept 8, 2025. These three are: Captain James Sturgill; Dr. C. Betts, and Dr. J. Patterson. See exh 1. (govt's disclosure "discl", dated July 25, 2025). Plf ask the court to exclude these experts for the reasons listed below.

### Argument

A court should exclude the testimony of an expert who is not qualified by knowledge, skill, experience, training, or education to render an opinion based on scientific, technical, or other specialized knowledge. See Fed. R. Evid. 702 (a), FRE 104 (a); Conroy v. Vilsack, 707 F.3d 1163, 1168-69 (10th Cir. 2013). Also; A court should exclude the testimony of an expert if it is not reliable. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 592-93 (1993). See also Dodge v. Cotter, 328 F.3d 1212, 1221 (10th Cir. 2003) ("It is by now well established that Fed. R. Evid. 702 imposes on a district court a gatekeeper obligation to "ensure that any and all... evidence admitted not only relevant, but reliable"

The three witnesses' testimonies should be excluded due to unreliability, irrelevancy..., as well as the untimelyness of the govt's disclosure and its failure to provide a written Report for at least one of the witnesses.

1.

<u>The Gov't's Disclosure is Untimely and Failed to Provide a Written</u>
<u>Report Required for At Least One of the Three Witnesses</u> :

Rule 26 (a)(2)(D) of FRCP put forth time requirements for disclosure
of expert witnesses; It says in the relevant part: "Absent a stipulation
or a court order, the disclosure must be made ;(i) at least 90-days before
the date set for trial... or ;(ii) if the evidence is intended solely to
contradict or rebut evidence... identified by another party under Rule 26
(a)(B) or (C), within 30-days after the other party's disclosure". Id.

Here; the gov't sent its disclosure to ptf on July 25, 2025 , ptf received
it on July 28, 2025. Meanwhile; the trial is set to start on Sept. 8, 2025.
That means; between the day ptf received the disc. and trial date there're
barely 40-days; 50-days short off the least period of time required by
the Rule. Moreover; in the prior 30-days of the gov't's disc. there's no
similar disclosure from ptf. Hence; it's untimely. Allowing such late disclo-
sure of expert witnesses would necessarily result into unfair prejudice to
ptf. As an untrained pro se litigant housed in a place frequented with
regular lock-downs and without adequate law library access; ptf needs much
longer period of time to learn about the witnesses and prepare on a legal
strategy how successfully encounter their testimonies.

Additionally, at least one of the three experts; Dr. Patterson, per Rule
26 (a)(B) he's required to provide a written report. The Rule says:
"if the witness is one retained or specially employed to provide expert
testimony in the case or one whose duties as the party's employee
regularly involve giving expert testimony" he must provide such report
Here; Dr. Patterson, unlike the other two witnesses, is employed by an employer
other than the gov't. <u>See</u> the disc. p. 8. The gov't's assertion that the BOP
"regularly uses contract physicians , often from St. Thomas More Clinic,
<u>Id</u>, does not make Dr. Patterson himself as a contractor neither makes him

2.

un-retained or specially employed to provide expert testimony in the case". Rule 26 (A)(B). The gov't's discl. is not supported by any affidavit or any documentation that would otherwise confirm the assertion that these witnesses, especially Dr. Patterson, are exempt from the requirements set forth by Rule 26 (a) (2) (B)(c)&(D). The court should not take gov't's. bare statement at its face-price.

### B: Captain Sturgill's Testimony Should Further be Excluded Under the unreliability & irrelevancy Grounds...

The gov't's discl. says that Capt. Sturgill will testify on several issues, such as:

1- Applicability of the BOP's use of force policy; Pr. statement 5566·6, and when and how such force is to be used: The court should not rely on a prison guard-captain in this matter. As a prison guard Capt. Sturgill, like those ADX-staff who maliciously assaulted plf. or other-wise supervised that assault; will necessarily defend his collegues actions. Besides; this court will have full oportunity to hear from these staff directly involved in the events of 8·23·2018 against plf. Moreover; the issue of when force it to be used and what amount of force is to be apply into a given situation; this issue is well settled within the relevant case law. The court should not subtitute that legal standard for a prison guard's explaination of a BOP's Pr. statement. As the Tenth Circuit said; under Daubert," any step that renders the analysis unreliable... renders the expert's testimony inadmissable. Dodge, 328 F.3d 1d, at 1222. Here, as will be further shown below; presents unlimited and obvious bias for his fellow prison guards and against plf See also U.States v. Abel, 469 U.S. 45, 49 (1984) ("A witness' and a party's

common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias".). Here, Capt. Sturgill is to be called to defend his employer; the BOP/Govt. based on the actions comitted by his collegues; other prison guards.

## 2. Reviewing & Interpreting to the Court the Silent Videos From the Surveillance Cameras:

The govt. also says that Capt. Sturgill has reviewed the two surveillance videos... and will testify on his oppinion... That's, will support the BOP's side of the events and reject every allegation made by pcf. See the disc. p. 3-5. The two videos are silent ones. There're other two videos with sounds; but Capt. Sturgill and the govt. are'nt interested on "explaining" the events from these other videos. In any event; Capt. Sturgill lacks any expertise in analyzing surveillance cameras and soundless videos. The govt. discl. said nothing of any purported expertise possessed by Capt. Sturgill regarding these videos. In other words; the Court's ability to view and establish opinion there from is equal to that of Capt. Sturgill. However, Sturgill's opinion is influenced by his obvious bias, as stated above.

Moreover, the Rule 403 of FRE is designed exactly to excluse these type of evidence that the govt. wish to present here.

The court may "exclude" even "relevant evidence if its probative value is substantially outweighed by a danger of...:unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence". Here, Capt's Sturgill's testimony will necessarily result in to several of these "dangers", if not all of them.

The two videos that the govt. wishes Capt. Sturgill to interprate

4.

to the court, not only are without any sound, but have been most probably tempered with to force them conceal some necessary details and so; give the BOP's "experts" a room to enterprate the events. Hence; to avoid the "dangers" cited above from FRE 403, the could would need an independent expert to review, enhance and explain the video to the court.

3. Testifying on Alleged Plaintiff's Assault on Prison Staff of a Quarter-century Ago: Finally, the govt wants to use Capt. Sturgill to connect the events of Aug. 23, 2018; on which Sturgill's fellow prison guards maliciously assaulted plf. with the alleged plf's assault on a prison guard on 2001; before plf's trial and his subsequent conviction and sentence for his original charges. See Gov't. discl. p. 5. This's entirely irrelevant. Moreover, FRE 404(b)(1) prohibits uses of evidence of any other crimes wrong, or act... to prove a person's character in order to show that on a particular occassion the person acted in accordance with the character. The govt also shouldn't be allowed to use plf's criminal conviction since the FRE 609(b) restrict such use to 10-years period following the conviction.

In sum; Capt. Sturgill's testimony on plf's disciplinary infraction occurred a quarter-century ago as well as any evidence connected to plf's criminal case are irrelevant here. In the event that the court will allow such testimony, plf would ask to be permitted his own character evidence as well as prison staff's who maliciously abused him on 8-23-18.

---

Today, plf. also files a seperate motion for court-appointed expert(s); primarily for the review... and enhancement of the two video here for the court's interests

C. Dr. Bette's and Patterson's Testimony Should be Excluded
As Are Unnecessary, unreliable, and Case-Motivated

The gov't says that these two Drs.' testimonies will rely on the existing medical records... See the discl. p. 6-9. To start with; the court should be able to review the existing records independently without biased experts' explaination. The two doctors' testimonies are unnecessary and cummulative.

Moreover; the Dr's testimonies would be most likely unreliable. That's so because even though plf. was injured on Aug. 2018, almost seven years ago; these Dr's never examined him at any time but within past few months. See Id. at p-8 (Dr. Betts saw plf. on 3·21·2025, and Patterson on 5·13·2025). In other words; the purported examination of the two Drs. are purely motivated by the gov't. desire to defeat plf's case. That also means; the witnesses opinions and conclusion would not be based on the relevant medical and scientific conclusions, but on that unfair desire to get plf's case fail. That type of case-motivated conclusion is rejected by the courts. See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 841 (9th Cir. 2001).

Furthermore; the gov't's discl. includes incorrect assertions. As an examples; the gov't. stated that Dr. Patterson examined plf's right ankle on 5·13·2025, Id. p·8. That's not entirely true. The Dr., without intruding himself and without plf's prior knowledge, came to plf' cell-door and asked few brief questions behind the door only about plf's ankle... Additionally; the Dr, whom plf. had no idea who he was, never physically examined plf's ankle, never touched plf, never had private doctor-patient conversation...; and, he was talking to plf. behind the door as the Dr. stood in the range full of prisoners and staff who were noisely doing their business. The gov't. also incorrectly claimed

that following Dr. Patterson's examination of plf's ankle, plf was provided with an "ankle brace". Id p.8. As of this day, Aug. 4, 2025. plf has not received any such brace. All these show that the govt. is prepared to force forth any testimony regardless whether such testimony is based on facts or not, often relying on BOP's unreliable records.

Conclusion:

For the reasons stated above the Court should exclude the testimonies of the three expert witnesses.

Dated: Aug. 4, 2025

Khalfan Kh. Mohamed

U.S.P. High, Box 7000

Florence, Co 81226

Khalfan Kh. Mohamed

S/ mohamed

---

CERTIFICATE OF SERVICE

I, Khalfan Kh. Mohamed, hereby certify that on Aug. 4, 2025 have mailed my motion to exclude experts' witnesses, to:

Office of the Clerk, U.S.D.C.,

901-19th St; Room A 105

Denver, Co 81226

Aug. 4, 2025

Khalfan Kh. Mohamed

U.S.P. High, Box 7000

Florence, Co 81226

Khalfan Kh. Mohamed

S/ mohammed