IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

### DEFENDANT'S MOTION TO AMEND ADMISSION UNDER FED. R. CIV. P. 36(b)

---

    Defendant United States of America moves to amend its response to Plaintiff's Request for Admission No. 4 (the "Request"), pursuant to Fed. R. Civ. P. 36(b).[1]

    Plaintiff's Request sought Defendant's admission that Officer Espinoza and P.A. Osagie both were "present" in C-unit on August 23, 2018, during or after the use of force against Plaintiff. Defendant's proposed amended response, attached as **Exhibit 1**, continues to admit the Request as propounded but omits the clarifying language that Defendant added to its original response that went beyond the scope of the Request. Specifically, Defendant continues to admit that Officer Espinoza "responded to the call for assistance after the use of force on August 23, 2018," but omits the additional statement that he "assisted in restraining Plaintiff in the holding cell after the use of force"—a detail that was not requested as an admission in the Request itself.

---

[1] Because Plaintiff is an unrepresented prisoner, Defendant did not confer with Plaintiff regarding this motion. *See* D.C.COLO.LCivR 7.1(b)(1).

1

Defendant believed the clarifying statement to be true and accurate at the time it served the response, based on information available to it at the time. However, Defendant has since reviewed additional evidence—including a 2018 sworn affidavit by Officer Espinoza, which Defendant located and produced to Plaintiff only after it served its original response—and spoken with multiple witnesses, and Defendant now doubts the truth of that clarifying statement. Accordingly, to promote the presentation of the merits of this case, the Court should permit Defendant to amend its response to the Request to align with the available evidence. Plaintiff will not be prejudiced by this amendment.

## BACKGROUND

Plaintiff's Request for Admission No. 4 asked Defendant to admit the following:

> The defendants' response to plaintiff's interrogatory No. 1, dated Nov. 22, 2024, listed 14-names of "employees who witnessed or responded to the use of force on August 23, 2018 or were involved in the medical evaluations," however, apart from these 14-named employees there were other BOP's employees in the C-unit during the use of force that the answer to interrogatory No. 1 did not mentioned [sic]. Among those additional employees who were present are P.A. Osagie and Officer Espinoza; two of the defendants in this case.

ECF No. 202 at 2 ¶ 4.

Defendant served objections and responses on February 5, 2025. *See* **Exhibit 2** at 2 & 4. (excerpt Defendant United States of America's Responses to Plaintiff's First Set of Requests for Admission, 2/5/25). Defendant objected to the Request on the basis that "it encompasses multiple facts," citing Rule 36(a)(2), which requires each matter to be separately stated. *Id.* at 2. Defendant then responded as follows:

> Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant admits that Officer Espinoza responded to the call for assistance after the use of force on August 23, 2018, and assisted in restraining Plaintiff in the holding cell after the use of force. Defendant denies that P.A. Osagie was present

2

> during the use of force on August 23, 2018. Defendant admits that there were employees working in C Unit on August 23, 2018, who did not respond to the use of force against Plaintiff.

*Id.*

Defendant later located an affidavit that Officer Espinoza signed in connection with an internal investigation about the incident. In relevant part, the affidavit stated that, at approximately 1:20 p.m. on August 23, 2018, Officer Espinoza "responded to a staff call for assistance in C-unit. Upon responding, I was advised by Lt. Rudd that enough staff had responded and I reported back to my assigned post in B-unit." The affidavit was dated November 30, 2018.

Defendant applied Bates numbers USA_001982 to USA_001984 to the affidavit and produced it to Plaintiff on March 13, 2025. Based on the affidavit, Defendant also corrected its response to Plaintiff's Interrogatory No. 2, which discussed Officer Espinoza's "role, duty, or work prior, during and after the alleged assault or use of force," and served the corrected response on Plaintiff on the same date, directing Plaintiff to Officer Espinoza's sworn statement about his involvement on August 23, 2018. *See* **Exhibit 3** at 2, 4 & 9 (excerpt of Defendant United States of America's Third Supplemental and Corrected Responses to Plaintiff's First Set of Written Discovery Requests, 3/13/25) ("With respect to Officer Espinoza, pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to the following documents being produced herewith: USA001982-1984.").

The evidence available to Defendant suggests that Officer Espinoza was not in the holding cell with Plaintiff. Officer Espinoza's affidavit recounts that he responded to the call for assistance but, because his assistance was not needed, he returned to his post in another unit.

Officer Espinoza cannot presently recall what happened after he initially responded to the call for assistance on August 23, 2018—now seven years ago. He does not have a memory of being in the holding cell with Plaintiff and cannot confirm that he "assisted in restraining Plaintiff in the holding cell after the use of force." After speaking with other witnesses, Defendant now doubts the truth of its clarifying statement that Officer Espinoza "assisted in restraining Plaintiff in the holding cell after the use of force."

Accordingly, Defendant proposes the following amended response (with the strikethrough indicating the language omitted from the amended response):

> Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant admits that Officer Espinoza responded to the call for assistance after the use of force on August 23, 2018~~, and assisted in restraining Plaintiff in the holding cell after the use of force~~. Defendant denies that P.A. Osagie was present during the use of force on August 23, 2018. Defendant admits that there were employees working in C Unit on August 23, 2018, who did not respond to the use of force against Plaintiff.

*See* **Exhibit 1** at 3 (Defendant United States of America's Amended Responses to Plaintiff's First Set for Requests for Admission, 8/25/25).

## ARGUMENT

A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* This provision "emphasizes the importance of having the action resolved on the merits"—rather than erroneous admissions—"while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate

4

to his prejudice." Advisory Committee Notes on Subdivision (b) (1970 Amendment).

The "presentation of the merits" element is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

The "prejudice" element requires the party resisting amendment to show something more than that he will have to "convince the jury of its truth." *Id.* (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)). "Mere inconvenience" to the opposing party is not sufficient. *Id.* "The prejudice contemplated by Rule 36(b) … relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The "court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *Id.* at 1247 (quoting *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000)). The Tenth Circuit has avoided interpreting Rule 36 in an "overly technical" manner. *See Bergemann*, 820 F.2d at 1120 (holding that, despite the language of Rule 36(b), no separate motion to withdraw or amend must be filed for a party to withdraw an admission).

Amendment of Defendant's response should be permitted here. The amendment does not affect Defendant's response to the Request as Plaintiff propounded it, because the Request did not ask Defendant to admit that Officer Espinoza assisted in restraining Plaintiff in the holding cell after the use of force. *See* ECF No. 202 at 2 ¶ 4. The Request simultaneously referenced

5

employees who "witnessed" or "responded to the use of force," "were involved in the medical evaluations," or were "present" "in the C-unit during the use of force." *Id.* Defendant reasonably construed the Request as asking to confirm that Officer Espinoza was present in C-unit during or after the use of force. Defendant admitted, and continues to admit, that Officer Espinoza responded to the call for assistance after the use of force on August 23, 2018. Defendant added the clarifying language to specify that Officer Espinoza did not witness the use of force that occurred on Range A of C-unit.

**Element 1: Amendment will promote the presentation of the merits.** One of Plaintiff's battery claims is that Officer Espinoza and another officer beat him in the holding cell. ECF No. 64 ¶ 160 (Claim Thirteen). The clarifying language in Defendant's original response purported to confirm Officer Espinoza's presence inside the holding cell, but the evidence available to Defendant now suggests that Officer Espinoza was never in the holding cell with Plaintiff on August 23, 2018. If Officer Espinoza was not present in the cell, he could not have beaten Plaintiff, as alleged—a core contention of Plaintiff's battery claim. Removing the clarifying language from Defendant's amended response will promote the presentation of the merits of the action with respect to Officer Espinoza's involvement in the incident.

**Element 2: Plaintiff will not be prejudiced by the amendment.** Plaintiff has had a copy of Officer Espinoza's affidavit for approximately five months. Plaintiff also has had Defendant's corrected response to Interrogatory No. 2, which addressed Officer Espinoza's role in the incident, for approximately five months. *See* Exhibit 3 at 2, 4 & 9. Plaintiff "may not now contend that [he] did not expect a dispute on this issue." *Pittman v. Wakefield & Assocs., Inc.*, No. 16-cv-02695-RBJ-KMT, 2017 WL 5593287, at *4 (D. Colo. Nov. 21, 2017) (Jackson, J.).

6

Plaintiff will not be denied the opportunity to examine any witnesses by the amendment. Officer Espinoza, and many other officers who responded to the call for assistance, are already on Plaintiff's witness list and will testify at trial. Further, Plaintiff did not take any depositions in this case, so he did not forgo any line of questioning with Officer Espinoza on the basis of Defendant's response. And, perhaps most importantly, amending the response to omit a statement about Officer Espinoza's role in the incident will not prejudice Plaintiff because Plaintiff himself did not seek an admission about Officer Espinoza's role in the use-of-force incident—only that he was "present" in C-unit. Defendant continues to admit that Officer Espinoza was present for a portion of the incident, when he responded to the call for assistance. Plaintiff cannot point to any prejudice from this amendment.

The evidence currently available to Defendant does not support an admission, under Rule 36, that Officer Espinoza "assisted in restraining Plaintiff in the holding cell after the use of force." Rule 36 permits amendment when doing so will promote the presentation of the merits of the case and if the resisting party will not be prejudiced by amendment. Here, both elements are satisfied. No prejudice to Plaintiff will result from permitting Defendant to admit that Officer Espinoza responded to the call for assistance, as Plaintiff originally requested, particularly because Plaintiff has known about Officer Espinoza's role and his sworn affidavit since March 2025.

## CONCLUSION

Defendant respectfully requests that the Court allow Defendant to amend its response to Request for Admission No. 4, as embodied in Exhibit 1, pursuant to Rule 36(b).

Dated August 25, 2025.	Respectfully submitted,

	PETER MCNEILLY
	United States Attorney

	s/ Jennifer R. Lake
	*Jennifer R. Lake*
	*Thomas Isler*
	Assistant United States Attorneys
	1801 California Street, Ste. 1600
	Denver, Colorado 80202
	Telephone: (303) 454-0100
	E-mail: jennifer.lake@usdoj.gov
	E-mail: thomas.isler@usdoj.gov

	Counsel for the United States of America

**CERTIFICATE OF SERVICE (CM/ECF)**

	I hereby certify that on August 25, 2025, I caused the foregoing document, and any unpublished cases cited therein, to be served on the following non-CM/ECF participant in the manner indicated:

Khalfan Khamis Mohamed (U.S. mail)
Reg. No. 44623-054
USP Florence - High
P.O. Box 7000
Florence, CO  81226

		*s/ Jennifer Lake*
		Jennifer Lake
		United States Attorney's Office

8