# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**DEFENDANT UNITED STATES OF AMERICA'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant United States of America hereby amends its responses to Plaintiff's first set of requests for admission.

### INSTRUCTIONS

Defendant objects to Plaintiff's written discovery requests to the extent they purport to impose obligations beyond the scope of the Federal Rules of Civil Procedure. Defendant will comply with the Federal Rules of Civil Procedure in responding to Plaintiff's discovery requests.

### REQUESTS FOR ADMISSION

**Request No. 1:** At the time of the alleged assault and the use of force against plaintiff; 8-23-18, the C-Unit policy and practice was that; three officers were required to escort an inmate to and from his cell.

**Response to Request No. 1:** Denies.

1

**Request No. 2:** Based on that policy and practice: in 8-23-2018, three officers; Brush, Miller, and Baca, escorted plaintiff first from his cell to the law library and then out of the law library just before the alleged assault and use of force took plainti [sic] against the plaintiff.

**Response to Request No. 2:** Objection. Defendant objects that the phrase "policy and practice" is vague and ambiguous. Defendant further objects to this Request because it encompasses multiple facts. *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated").

Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant denies that Officer Baca escorted Plaintiff out of the law library just before the alleged assault and use of force took place against Plaintiff. Defendant admits that Officers Brush and Miller escorted Plaintiff to the law library and escorted him out of the law library just before the alleged assault and use of force took place. Defendant cannot truthfully admit or deny whether Officer Baca escorted Plaintiff to the law library because Defendant is unaware of any records that reflect this fact and Officer Baca does not recall whether he escorted Plaintiff to the law library.

**Request No. 3:** Officer Baca wrote his memorandum, dated August 23, 2018, directed to Rudd, N. Lieutenant, based on the fact that he was one of the three escorting officers…the fact that allowed him to observe what he said he observed.

**Response to Request No. 3:** Denies.

**Request No. 4:** The defendants' responses to plaintiff's interrogatory No. 1, dated Nov. 22, 2024, listed 14-names of "employees who witnessed or responded to the use of force on August 23, 2018 or were involved in the medical evaluations," however, apart from these 14-named employees there were other BOP's employees in the C-unit during the use of force that the answer to interrogatory No. 1 did not mentioned [sic].  Among those additional employees who were present are P.A. Osagie and Officer Espinoza; two of the defendants in this case.

**Response to Request No. 4:** Objection.  Defendant objects to this Request because it encompasses multiple facts.  *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated").

Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant admits that Officer Espinoza responded to the call for assistance after the use of force on August 23, 2018.  Defendant denies that P.A. Osagie was present during the use of force on August 23, 2018.  Defendant admits that there were employees working in C Unit on August 23, 2018, who did not respond to the use of force against Plaintiff.

**Request No. 5:** As a result of the alleged assault and use of force against Plaintiff in Aug. 23, 2018 plaintiff was injured. Among the injuries, he was diagnosed with fracture in his right ankle. Beside the ankle, plaintiff received other injury that day.

**Response to Request No. 5:** Objection.  Defendant objects to this Request because it encompasses multiple facts.  *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated").  Defendant further objects because the phrase "other injury" is vague.

3

Subject to and without waiving the foregoing objections, Defendant admits that Plaintiff sustained injuries during the use of force. Defendant further admits that on or about September 5, 2018, Plaintiff was diagnosed with a distal tibia fracture. Defendant denies that BOP staff caused Plaintiff's injuries.

**Request No. 6:** After plaintiff was given some pain medication on Dec. 6, 2018, he was later prescribed with Sulindac 200 mg tab. And then Meloxicam about a year later, for pain in his ankle.

**Response to Request No. 6:** Objection. Defendant objects to this Request because it encompasses multiple facts. *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated"). Defendant further objects because the term "later" as used in the first sentence is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant admits that Plaintiff's medical records reflect that he was given pain medication on December 6, 2018. Defendant further admits that Plaintiff's medical records reflect that he was prescribed Sulindac 200 mg TAB beginning in April 2019. Defendant further admits that Plaintiff's medical records reflect that he was prescribed Meloxicam in April 2020 for "[p]ain in leg, unspecified, Injury of muscle, fascia and tendon at wrist and hand level, hand."

**Request No. 7:** Currently; plaintiff is on several medications. These include; Meloxicam 7.5 mg tab for his ankle pain; Lidocaine patch 50% for his back pain; Acetaminophen 325 mg tab. for pain and constant headache; and knee brace for his leg.

4

**Response to Request No. 7:** Objection. Defendant objects to this Request because it encompasses multiple facts. *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated").

Subject to and without waiving the foregoing objection, Defendant admits only that Plaintiff's medical records reflect that he has active prescriptions for Meloxicam 7.5 mg TAB for "Pain in leg, unspecified, Headache, unspecified"; Acetaminophen 325 mg TAB for "Headache, unspecified"; and Lidocaine 5% patch for "Pain in leg, unspecified." Defendant further admits that Plaintiff's medical records reflect that he has a knee brace.

**Request No. 8:** In 2019 and 2020 plaintiff was diagnosed with number of depressive disorders and as a result, he was prescribed with medication such as citalopram and mitazopine.

**Response to Request No. 8:** Objection. Defendant objects to this Request because it encompasses multiple facts. *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated"). Defendant further objects that the phrase "a number of depressive disorders" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant admits that Plaintiff's records reflect that in he was diagnosed in 2019 with "Other Specified Depressive Disorder," and that the diagnosis continued in 2020. Defendant further admits that Plaintiff was prescribed citalopram in 2019 and 2020 for the Other Specified Depressive Disorder. Defendant denies that Plaintiff was diagnosed with multiple depressive disorders and denies that Plaintiff was prescribed "mitazopine" in 2019 or 2020 for the Other Specified Depressive Disorder.

5

**Request No. 9:** In May 2022, plaintiff was diagnosed with post traumatic stress disorder, following his reporting of "experiencing and witnessing multiple traumatic events while incarcerated that have caused him significant distress." Based on that diagnosis, plaintiff was qualified for participation in the Resolve psychology program.

**Response to Request No. 9:** Objection. Defendant objects to this Request because it encompasses multiple facts. *See* Fed. R. Civ. P. 36(a)(2) (requiring that "[e]ach matter must be separately stated").

Subject to and without waiving the foregoing objection, Defendant admits that Plaintiff was diagnosed with Posttraumatic Stress Disorder in May 2022 based at least in part on his reports that he has experienced and witnessed "multiple traumatic events while incarcerated that have caused him significant distress." Defendant further admits that Plaintiff qualified for the Resolve Program and that one of the criteria for qualification is a current DSM-V diagnosis related to past trauma.

**Request No. 10:** Currently, plaintiff is on three different psychical [sic] medications; Eocitalopram oxale 10 mg tab; mirtazapine 30 mg tab. and buspirone 15 mg tab.

**Response to Request No. 10:** Objection. Defendant objects to the phrase "psychical medications" as vague and ambiguous.

Subject to and without waiving the foregoing objection, Defendant admits that Plaintiff's medical records reflect that he has active prescriptions for Escitalopram Oxalate 10 mg TAB; Mirtazapine 30 mg TAB; busPIRone 15 mg TAB.

Dated: August 25, 2025.

        PETER MCNEILLY
        United States Attorney

        s/ Jennifer R. Lake
        ***Jennifer R. Lake***
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0411
        jennifer.lake@usdoj.gov

        Counsel for Defendant United States