# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02516-RBJ-MDB

KHALFAN KHAMIS MOHAMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**DEFENDANT UNITED STATES OF AMERICA'S THIRD SUPPLEMENTAL AND CORRECTED RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY REQUESTS**

---

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendant United States of America hereby supplements and corrects its responses to Plaintiff's first set of written discovery requests.

## INSTRUCTIONS

Defendant objects to Plaintiff's written discovery requests to the extent they purport to impose obligations beyond the scope of the Federal Rules of Civil Procedure. Defendant will comply with the Federal Rules of Civil Procedure in responding to Plaintiff's discovery requests.

## INTERROGATORIES

**Interrogatory No. 1:** Identify by name and official status each and all BOP's and Department of Justice's employees who were present in the C-Unit, ADX Florence, on August

1

**Supplemental Response (January 3, 2025):** Subject to and notwithstanding the foregoing objections and based on Defendant's knowledge at this time, Defendant identifies the following additional employee who responded to the use of force on August 23, 2018:

  C. Espinoza, Senior Officer

**Supplemental Response (March 13, 2025):** Subject to and notwithstanding the foregoing objections and based on Defendant's knowledge at this time, Defendant identifies the following additional employees who witnessed or responded to the use of force on August 23, 2018:

  T. Izzett, Cook Supervisor
  C. Porco, Unit Manager
  M. Raebel, Lieutenant
  N. Rudd, Lieutenant

**Interrogatory No. 2:** For each of the above referred government employees identify and describe his or her role, duty, or work prior, during and after the alleged assault or use of force against Mohamed in the unit that day.

**Response to Interrogatory No. 2:** Objection. Defendant objects to this interrogatory because the terms "duty, and "work" are vague and ambiguous. In addition, the use of the terms "prior" and "after" are vague and ambiguous. Defendant interprets these terms to refer to the employee's role during the use of force or in responding to the use of force on August 23, 2018.

Subject to and without waiving the foregoing objections, Defendant provides the following descriptions of each employee's role during the use of force or in responding to the use of force on August 23, 2018:

Officers Brush and Miller were escorting Plaintiff on August 23, 2018, and conducted an immediate use of force when Plaintiff attempted to pull away from them during the escort. Officers Brush and Miller were later relieved by other responding staff, although Officer Miller subsequently assisted in performing 15-minute restraint checks.

Vaughn and Marshall responded to the call for assistance from Officers Brush and Miller. Vaughn and Marshall assisted with restraining Plaintiff following the use of force to regain control over him. They also assisted with escorting Plaintiff to a holding cell after the use of force.

Officers McCullough, Baca, Cochran, and Norris all responded to the call for assistance from Officers Brush and Miller. They relieved Officers Brush and Miller after they arrived at the scene. They conducted a search of Plaintiff and helped escort him to the holding cell after the use of force.

Nurse Jones conducted Plaintiff's medical assessment and restraint checks following the use of force, and conducted a medical assessment of Officer Brush.

Officer Anderson responded to the incident, and video-taped the inmate and staff medical assessments.

Lieutenant Sookdeo was the responding Lieutenant responsible for managing the incident response.

Lieutenants Medrano and Armijo conducted 15-minute and two-hour restraint checks while Plaintiff was in the holding cell following the use of force.

Lieutenant Murton took photographs of Plaintiff and Officer Brush.

**Supplemental Response (January 3, 2025):** Subject to and notwithstanding the foregoing objections and based on Defendant's knowledge at this time, Defendant states that Officer Espinoza responded to the call for assistance, and assisted in restraining Plaintiff in the holding cell after the use of force.

**Corrected and supplemental Response (March 13, 2025):** Subject to and notwithstanding the foregoing objections and based on Defendant's knowledge at this time, Defendant corrects and supplements its earlier responses to state as follows:

Marshall responded to the call for assistance during the use of force and initially assisted in escorting Plaintiff off range. After Plaintiff was placed on the floor during the escort, Marshall assisted in helping control Plaintiff's lower extremities.

Vaughn responded to the scene of the use of force, and assisted with controlling Plaintiff. He then initially assisted in escorting Plaintiff off range and fell to the floor with Plaintiff when Plaintiff resisted and attempted to stop walking during the escort. Vaughn was subsequently relieved after staff regained control over Plaintiff.

Officer Baca responded to the scene of the immediate use of force and assisted in escorting Plaintiff off range. Officer Baca did not physically touch Plaintiff.

With respect to Officer Espinoza, pursuant to Fed. R. Civ. P. 33(d), Defendant refers Plaintiff to the following documents being produced herewith: USA001982-1984.

Mr. Izzett relieved unit staff who were holding Plaintiff on the floor after the use of force, and he assisted in escorting Plaintiff off range.

Mr. Porco responded to the call for assistance and observed staff holding Plaintiff on the floor.

5

Lieutenant Raebel heard the call for assistance and observed Plaintiff laying on the floor while staff attempted to control him.

Lieutenant Rudd observed staff holding Plaintiff on the floor and had Officer Brush and Vaughn relieved by responding staff.

**Interrogatory No. 3:** Identify each and all government's agencies, departments…etc. and their respective employees that were involved, in any way, in the investigation, inquiries or any works related to the above referred alleged assault or use of force…For each of the agency and department and the respective employees; provide the role or work performed.

**Response to Interrogatory No. 3:** Objection. The interrogatory does not include a time limitation. Defendant interprets the interrogatory as referring to the time period between August 23, 2018 (the date of the use of force) and January 26, 2021 (the date of the Bureau of Prisons denial of Plaintiff's administrative tort claim), because any investigations or inquiries after that date are highly likely to involve privileged attorney-client communications or attorney work product as this lawsuit had already been filed. In addition, it is unlikely that any relevant information was generated after the date the Bureau of Prisons denied Plaintiff's administrative tort claim, and the burden of searching for that information would not be proportional to the needs of the case. Defendant does not interpret this request to encompass any attorney-client communications or attorney work product that were generated or created as a result of this lawsuit.

**Response to Request No. 3:** Objection. The interrogatory does not include a time limitation. Defendant interprets the interrogatory as referring to the time period between August 23, 2018 (the date of the use of force) and January 26, 2021 (the date of the Bureau of Prisons denial of Plaintiff's administrative tort claim), because any investigations or inquiries after that date are highly likely to involve privileged attorney-client communications or attorney work product as this lawsuit had already been filed. In addition, it is unlikely that any relevant information was generated after the date the Bureau of Prisons denied Plaintiff's administrative tort claim, and the burden of searching for that information would not be proportional to the needs of the case. Defendant does not interpret this request to encompass any attorney-client communications or attorney work product that were generated or created as a result of this lawsuit.

Subject to and without waiving the foregoing objections, Defendant will produce the following documents to Plaintiff upon entry of a protective order: USA000039-40, USA000045, USA000064. In addition, Defendant is in the process of conducting an electronic search of various employees' emails, and will supplement this response if responsive emails are found.

**Supplemental Response (January 10, 2025):** Subject to and notwithstanding the foregoing objections, Defendant is producing herewith the following documents: USA000923-946.

Dated: March 13, 2025.     As to objections:

　　　　　　　　　　　　　　J. BISHOP GREWELL
　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　s/ *Jennifer R. Lake*
　　　　　　　　　　　　　　Jennifer R. Lake
　　　　　　　　　　　　　　Assistant United States Attorney

12

1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0411
jennifer.lake@usdoj.gov

Counsel for Defendant United States

13

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on March 13, 2025, I caused the foregoing document and the documents identified therein labeled "Confidential" to be mailed to Plaintiff at the following address:

Khalfan Khamis Mohamed (U.S. mail)
Reg. No. 44623-054
USP Florence - High
P.O. Box 7000
Florence, CO  81226

I caused the documents identified therein labeled "Confidential – Not to be Retained to Inmate" to be mailed on a CD to BOP counsel to arrange for a time for Plaintiff to view the documents.

                                          s/ *Jennifer R. Lake*
                                          Jennifer R. Lake
                                          U.S. Attorney's Office